HEWS *v.* HEWS.[1]

1. EQUITY—CHANCERY PRACTICE—SPECIAL APPEARANCE—RIGHTS CONFERRED.

A special appearance does not entitle defendant "to notice of all further proceedings in the cause," under Chancery Rule 5, and default may be entered and decree pro confesso taken against him without notice, notwithstanding a special appearance.

2. JUDGMENT—DEFAULT DECREE—OPENING DEFAULT—EFFECT OF ORDER.

Pending a motion by defendant, appearing specially, attacking the jurisdiction of the court, his default was entered and decree pro confesso taken against him, and subsequently his

[1] Rehearing denied November 7, 1906.

motion was overruled and an order entered giving him five days in which to appear generally, should he choose to do so, in which case the decree should be set aside. *Held*, that the effect of the order, so long as it remained in force, was, upon a compliance with its terms being shown, to open the default and vacate the decree.

3. SAME—AMENDMENT OF ORDER.

By making an order opening a default and vacating a decree on terms, the court does not exhaust its authority over the subject, but may modify the order thereafter as equity requires.

4. SAME—TIME TO MOVE.

A claim that an order modifying an order opening a default on terms is unauthorized, because the motion upon which it is based was not made or entered at the same term as the modified order, is not founded in fact, where it appears that, though the motion papers were apparently filed the second day of the term, they were served several days before, and, the matter being before the court, it was continued by consent to the second day of the term, without which continuance the party would have been in default under the unmodified order.

5. EQUITY—CONSENT ORDERS—MODIFICATION.

Even a consent order may be modified or vacated where it does not express the real intent of the parties, and this though the mistake be unilateral.

6. JUDGMENT — ORDER OPENING DEFAULT — MODIFICATION — PROPRIETY.

Where, on the understanding that defendant desired to contest the cause on its merits, his default was set aside in case he desired to appear generally in the case, and he was allowed time to plead, and pending such time he procured a decree in another State pro confesso and attempted to plead it in bar of the suit in this State, the order opening the default was properly modified so as to be conditional on his having the foreign decree set aside and the suit there discontinued.

7. APPEAL—RECORD—SILENCE—STATEMENTS OF TRIAL COURT.

In the absence of an official record showing all that transpired upon the argument of a motion, this court must accept the statement of the trial court, notwithstanding it is denied by counsel.

8. SAME—QUESTIONS CONSIDERED—OBJECTIONS NOT MADE BELOW.

An objection that an order modifying an order opening a default on terms was not authorized because not based on affi-

davit is untenable where such objection was not made below, and it appears that the facts upon which the order was founded were all before the court at the time of making a consent order continuing the hearing on the motion, and were laid before the court by counsel for the objector a week before the order was made.

Appeal from Saginaw; Beach, J.   Submitted April 10, 1906.   (Docket No. 40.)   Decided July 23, 1906.

Bill by Mary E. Hews against Howard E. Hews for a divorce.   From a decree for complainant, defendant appeals.   Affirmed.

*James H. Davitt,* for complainant.

*John F. O'Keefe* ( *Whitman & Horner,* of counsel), for defendant.

BLAIR, J.   On the 24th day of March, 1905, the above-named defendant, a resident of Illinois, filed his bill of complaint against the above-named complainant, a resident of Michigan, in the superior court of Cook county, Ill., praying for a divorce on the ground of desertion. On the 8th day of August, 1905, the solicitor for Mrs. Hews entered his and her special appearance in the Illinois suit, "only for the limited and special purpose of filing the necessary pleadings and making the necessary motions therein for challenging the jurisdiction of the court in the above-entitled cause."   On the 16th day of August, 1905, Mrs. Hews filed her plea in abatement, "under special and limited appearance," setting up proceedings in her suit in the circuit court for the county of Saginaw, in chancery, hereafter referred to, culminating in a pro confesso decree for divorce, as res adjudicata between the parties.   On the first day of September, 1905, the superior court held that the special appearance and plea in abatement constituted a general appearance, overruled the plea in abatement, and on September 11th at 10 a. m. ordered the defendant therein, Mrs. Hews, "to plead in bar, an-

swer or demur to said bill by 2 o'clock in the afternoon"
of said day.   At 3 o'clock in the afternoon of said 11th
day of September, 1905, Mrs. Hews not having complied
with the order of the court, the hearing of the case was
proceeded with and a decree of divorce pro confesso was
entered, giving the custody of two of the children, Ed-
son L. and Arthur N. Hews, aged, respectively, 6 and 4
years, to the complainant, and of the other child, Mary
Elizabeth Hews, aged 1½ years, to the defendant.

On March 27, 1905, Mary E. Hews, the complainant in
this suit, filed her bill of complaint in the circuit court for
the county of Saginaw, in chancery, praying for a divorce
on the grounds of extreme cruelty and failure to support.
On July 27, 1905, defendant appeared specially, and en-
tered a motion attacking the jurisdiction of the court upon
certain technical grounds, noticing the motion for hearing
on September 11, 1905.

On the 7th day of August, 1905, the usual order was
entered, taking the bill as confessed, and on the 8th a de-
cree was made by the court upon the bill taken as con-
fessed and upon proofs taken in open court, granting a
divorce to complainant with custody of all of the children
till they should attain the age of 14 years, or the further
order of the court.   By agreement of counsel, defendant's
special motion was argued on August 14, 1905, and there-
upon the court made the following order:

" It is ordered:

" 1. That said motion be, and it is hereby, denied.

" 2. That if defendant desires to appear generally in
this cause, he shall be given five days from this date in
which to do so, in which event the decree heretofore en-
tered shall be set aside.

" 3. That if defendant enters his appearance generally
in this cause within the above period he shall have 15 days
to answer complainant's bill after a copy of the same has
been served upon his solicitor, John F. O'Keefe.

" 4. That if the defendant so appears, this cause shall
stand for trial without being noticed at the September, A.
D. 1905, term of said court."

On August 19th defendant filed and served notice of his general appearance in the suit. On August 21st complainant's solicitor served a copy of the bill of complaint on defendant's solicitor, and on the 25th served notice of hearing for the September term of court. On the 23d day of August complainant filed a petition for alimony pendente lite and noticed the same for hearing on August 28th. On August 28th complainant moved for an order modifying the order of August 14th, which motion was noticed for September 2d. On the 2d of September the court made the following order:

"By consent and at the request in open court of the solicitors for the respective parties to this cause, it is ordered that the hearing of the petition for temporary alimony, and the hearing upon the application for the modification of the order entered herein on the 14th day of August be, and the same are hereby, adjourned until September 12, 1905, at 8:30 o'clock in the morning.

"And it is further ordered that the time of the defendant in which to plead to or answer the bill of complaint filed herein be, and the same is hereby, extended to the 12th day of September, 1905, at 8:30 a. m. of said day."

On the 8th of September defendant made and served a motion "to vacate, set aside and hold for naught the order pro confesso and the decree of August 8, A. D. 1905," for various reasons assigned. This motion was noticed for September 12th. On September 12th defendant filed his answer, setting up, among other things, the record, proceedings, and decree in his suit in the superior court as a final and binding adjudication of the rights of the parties. On September 19th the court made an order containing, among others, the following provisions:

"1. That said decree of August 8, 1905, has not been set aside and shall not be set aside until and unless the defendant, Howard E. Hews, complies with the requirements of this order.

"2. That if defendant cause to be vacated, annulled and set aside the decree obtained by him in the superior court of Cook county, Ill., and discontinue said suit, then upon filing in this court due proof that said decree has

been vacated, annulled and set aside, and said suit discontinued, and that there is not pending any action brought by him against complainant in any court for the purpose of obtaining a decree of divorce from her and the custody of said children or any of them,' or for any of those purposes, and upon filing this answer in this cause upon the merits, no part of which answer shall set up, rely upon, or claim any benefit or advantage from the decree so rendered in the superior court of Cook county, an order, upon proper application, will be made in this cause, setting aside the aforesaid decree of August 8th, and allowing the defendant to appear and defend said cause upon the merits thereof."

At the time of entering this order, the court filed an opinion stating his reasons at length. The following are excerpts from this opinion:

" The special motion made by the defendant to he heard September 11th was finally brought on for hearing by consent of the solicitors for complainant and defendant on August 14th. The special motion was overruled, allowing defendant to appear generally within five days from the date of August 14th and within 15 days to file an answer after being served with a copy of complainant's bill. It was stated at that time that the defendant desired to appear generally and contest the case upon its merits.

" No formal decree or order has been made setting aside the decree of August 8th, but the court stated that an order would be made setting aside the decree, the defendant appearing in said cause. It was understood at that time by the court that the defendant desired to appear and contest the divorce case upon its merits. * * *

" At the time the special motion was argued in this court, the court was given to understand, or at least did understand, that the defendant, Howard E. Hews, desired to defend the cause in this court upon its merits, and not upon the ground that a decree had been rendered in his favor in Chicago; that at the time when this order was made allowing the defendant to enter his appearance and plead to said bill, no decree had been rendered; and if this court now sets aside the decree of August 8th, giving the complainant custody of the children and giving her a decree of divorce, and allow the defendant's answer to stand, the only proof that would be necessary upon his

part would be a certified copy of the decree of the Chicago court, giving him a divorce and custody of the two children.

"Ought this court to set aside this decree so as to give the court of another State jurisdiction, where a decree was made in this case over a month prior to the decree being made by the court in the other State? In justice to the complainant in this case, it ought not to be done, as she was not present and took no part in the trial in Chicago, but did submit her proofs in this court, which show that she was entitled to a decree; and the law of this State gives to her the custody, control, care, and education of the minor children until they arrive at the age of 12 years, unless she is an unsuitable person; and the testimony before me shows her to be a suitable person for such purpose."

Defendant appeals to this court from the pro confesso decree of August 8, 1905, and also claims the benefit of an appeal to the Supreme Court from the final order rendered in said cause by said court upon the 19th day of September, A. D. 1905.

Defendant's appearance, being special, did not "entitle him to notice of all further proceedings in the cause," under Chancery Rule 5, and his default was properly entered.

The decisive question for determination in this case is: Whether the circuit judge exceeded his authority, as claimed by defendant's counsel, in modifying the order of August 14th, which granted leave to the defendant to appear and answer? I think that the effect of the order of August 14th, upon a compliance with its terms being shown, was to open the default and vacate the decree so long as it remained in force. The court, however, by making this order, did not exhaust his authority over the subject thereof.

"Every court of superior jurisdiction has, in the absence of statutory limitations, power to control its own orders and to direct when and under what conditions they shall be operative.     *     *     *     During the term at which the order was made, this power of the court is plenary and

undoubted and it has been held that the power exists and may be exercised at any time, even after the expiration of the term, provided the proceedings are still in fieri and no final judgment or order has been entered putting the case out of court." 15 Enc. Pleading & Practice, p. 349 et seq.

See, also, *Hurt* v. *Blount*, 63 Ala. 327.

It is claimed by counsel for defendant that the motion upon which the modifying order was based was not made nor entered at the same term as the order of August 14th and it is argued that:

"After the expiration of the term, the court loses control of its judgments rendered during that term, and no longer has the power to vacate or modify them or set them aside, unless steps be taken during the prior term by motion or otherwise to set aside, modify or correct them"— citing 1 Black on Judgments, § 306.

The basis of this contention is the filing of the papers apparently on September 12th, the day after the opening of the next term. It appears, however, that the papers were served upon defendant's counsel on August 28th and it is manifest from the order of September 2d that the matter was before the court on that day and the hearing continued till September 12th. This order was consented to by defendant's counsel and, except for the order extending the time for filing his answer, he would have been in default several days before the entry of the Illinois decree. The defendant's contention in this regard has no foundation in fact. Even a consent order may be modified or vacated where it does not express the real intent of the parties, and this though the mistake be unilateral. *Oldershaw* v. *King*, 26 L. J. Exch. 384; *Wilding* v. *Sanderson*, 66 L. J. Ch. 684. In the present case, the circuit judge affirms that at the time he made the order it was stated "that the defendant desired to appear generally and contest the case upon its merits" and that that was the understanding of the court, and the fair inference from the opinion is that the court would not have opened the

default except for the purpose of enabling the defendant to controvert the facts alleged in the bill of complaint.

Defendant's counsel contends that the statement of the circuit judge is incorrect, but in the absence of an official record showing all that transpired upon the argument of the motion, this court must accept the statement of the trial court. *Myers* v. *Myers*, 143 Mich. 32. It is apparent from the court's opinion that he understood there was to be a hearing before him in the usual way, and it is quite inconceivable that complainant's solicitor should have had any different understanding. I think the court was fully justified in this understanding. At the time the default was opened, there was no decree in favor of the defendant and the court would naturally infer from the statement that the defendant desired to "contest the case upon its merits," that the defendant desired to submit the controversy as one to be determined by the court, not as one to be governed by the determination of some other court. Under Chancery Rule 7 defendant could only have procured the vacation of the default by proffering a sworn answer showing a defense on the merits. This has always been the rule in Michigan. *Stockton* v. *Williams*, Har. Ch. (Mich.) 241. If complainant's counsel had insisted upon defendant's making the showing required by law, he could only have answered upon the merits as interpreted by the circuit judge. The consent of complainant's solicitor that the default might be set aside after the statement that defendant desired to contest the case upon the merits must be deemed to have been made with the same understanding, unless we are to regard him as deficient in understanding or oblivious of the interests of his client and her little children. I think it is quite certain that the complainant's solicitor consented to, and the court made, the order setting aside the default upon the understanding that the defendant in that event would go to a hearing in the usual way and that the court had authority to modify the order. In the race of

diligence between these parties, the complainant had obtained a prior decree, giving her the custody of her children, which the court considered, and I think, properly, upon the testimony produced before him, a lawful and just decree. The court did not intend, and it stands to reason that her counsel did not intend, to deprive her of the benefit of this decree, unless it should appear upon a full and fair trial in open court that she was not entitled to it. If this was the understanding of defendant's counsel, he cannot complain that the court insisted upon its being carried out; if it was not his understanding, then the order was granted by mistake, and the court was authorized to set it aside.

"If an order made by consent is, through mistake, capable of an interpretation contrary to the real intention, it will be amended by the court so as to make it plainly and clearly represent that intention." *Oldershaw* v. *King,* supra.

It is further contended that there was no showing made by affidavit or otherwise as a basis for the order modifying the order of August 14th. So far as the record shows, no objection appears to have been made upon this ground. The principal facts were before the court at the time of the consent order for continuing the hearing, without which order defendant could not have filed his answer later than September 6th, and they were all brought before the court by defendant's counsel on the 12th of September, a week before he made the order. Under such circumstances, the objection has no merit.

It is further contended that the pro confesso decree is not supported by the proofs. I am satisfied that the proofs justify the decree upon the ground of extreme cruelty. It would serve no useful purpose to discuss the testimony in detail.

The question of res adjudicata, to which considerable attention is devoted in defendant's brief, is not before the court. Under the defendant's answer, the issue was ten-

dered and would have arisen later on if the court had not modified the order of August 14th.

The order of the circuit court, modifying the order of August 14th, is affirmed, with costs of both courts to complainant.

CARPENTER, C. J., and MCALVAY, GRANT, and MOORE, JJ., concurred.