MALCOLM *v.* MALCOLM.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—JUDGMENT—ES-
   TOPPEL—GENERAL APPEARANCE—FAILURE TO PLEAD NEVADA DECREE.
   Present claim on fourth petition to modify decree of separate
   maintenance that Nevada decree of divorce. constituted an ad-
   judication as to husband's liability for support of wife was not
   available to him after previous determinations in Michigan
   wherein he failed to interpose the Nevada decree after making
   a general appearance, there being a recognition of jurisdic-
   tional validity of the Michigan decree which may well be said
   to effect an estoppel by judgment.

2. JUDGMENT—FULL FAITH AND CREDIT.
   An appeal to the full faith and credit clause should be seasonably
   made in the State court to which it could be addressed (US
   Const, art 4, § 1).

3. HUSBAND AND WIFE—SEPARATE MAINTENANCE—JUDGMENT—NE-
   VADA DIVORCE—SUPPORT OF WIFE.
   A Michigan court in suit for separate maintenance which had
   complete and personal jurisdiction of both parties was em-
   powered to adjudicate that husband was liable for support
   of wife, although a Nevada court had previously granted a
   decree of divorce to the husband without adjudicating as
   to his liability for wife's support, the Nevada decree, at most,
   being entitled to prima facie weight in Michigan so far
   only as concerns its effect upon marital status.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted April 10, 1956. (Docket No. 55, Calendar No.
46,662.) Decided May 14, 1956.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Judgments § 167.
[3] 17 Am Jur, Divorce and Separation § 766.

Bill by Anna V. Malcolm against Herbert E. Malcolm for separate maintenance. Decree for plaintiff entered following defendant's foreign decree of divorce. Defendant's petition to modify decree and vacate order for support denied. Defendant appeals. Affirmed.

*Markle, Markle & Eubank (Fergus Markle,* of counsel), for plaintiff.

*John L. Crandell (Dunbar Davis,* of counsel), for defendant.

BLACK, J. We are asked in this case to grant full faith and credit to a Nevada divorce decree. That decree, entered July 11, 1947, in suit commenced by Mr. Malcolm, recites in appropriate language an adjudication by the court of dissolution of the bonds of matrimony between Mr. and Mrs. Malcolm, and it declares that they are "restored to the status of single persons." The decree then proceeds:

"It is further ordered, adjudged and decreed, that the care, custody and control of the minor children of this marriage, to-wit: Roseann Malcolm, age 17 years, and Gary Malcolm, age 10 years, be awarded to the defendant, with right of reasonable visitation retained in the plaintiff, and that the plaintiff pay $40 per month for the support and maintenance of the minor children until it marries, or reaches its majority, and that the court retain jurisdiction of this action relative to the custody, support and maintenance of said minor children."*

The Malcolms were married at Detroit in 1927. Excepting only as to Mr. Malcolm's 1947 sojourn in Nevada, they have always lived in Michigan and are

---

* It is noted, for present reference, that the decree makes no adjudication in favor of or against support by Mr. Malcolm of Mrs. Malcolm.

presently domiciled here. Mr. Malcolm remarried shortly after the date of the aforesaid decree. Since July of 1953, and by authority of one of the modifying orders presently mentioned, the son Gary has lived with his father.

Mrs. Malcolm filed the instant bill for separate maintenance in the Wayne circuit May 6, 1947. She alleged in her bill that defendant deserted her in October of 1938; that he sought without success and on 3 occasions to obtain a divorce in Michigan courts; that defendant "was and had continuously been a resident of either the county of Wayne or the county of Washtenaw within the State of Michigan, where he still maintains his employment with the Chrysler Corporation, Dodge Truck Division, and his actual permanent residence;" that following his third failure to obtain a divorce in Michigan he informed plaintiff and others "that he would go to the State of Nevada for the purpose of obtaining a decree of divorce," and on or about April 10, 1947, that Mr. Malcolm went to Las Vegas for the purpose of securing a Nevada divorce and avoidance of prosecution for nonsupport in Michigan.

February 21, 1949, Mr. Malcolm entered a general appearance in this suit for separate maintenance. His default, for want of appearance, had theretofore been entered March 5, 1948. His motion to set aside the default, filed February 21, 1949, was never pressed or determined. On strength of the default and the recited taking of testimony Mrs. Malcolm was awarded a decree for separate maintenance February 24, 1949. The decree awarded custody of the son to the mother and directed payment of $10 per week for the support of the son and $15 per week for the support of Mrs. Malcolm.

A series of petitions to modify the support and custody provisions of the separate maintenance decree was thereafter filed by Mr. Malcolm. The first

is dated April 6, 1949. It mentions the Nevada decree but suggests no right of faith and credit on account thereof. To the contrary, the allegations of the petition followed by the prayer make up an appeal to the court based on illness of Mr. Malcolm and ability of Mrs. Malcolm to support herself for reduction of the support award made by the recognized-as-valid decree of February 24, 1949.

This petition came to due hearing before Judge Toms and was denied by order entered October 10, 1949. Mr. Malcolm's counsel had due notice of entry of such order per indorsement thereon.

The second petition for modification was filed by Mr. Malcolm September 11, 1953. It makes no mention of the Nevada decree and, like its predecessor, treats the separate maintenance decree as jurisdictionally valid. It alleges a change of circumstance based on the fact that the son on attainment of 16 years of age had started to live with his father and it prays for modification, both as to custody and termination of the decretal support award respecting the son.

This petition came to due hearing before Judge Toms and was granted, conditionally and in substance, by order entered November 13, 1953. Notice of entry thereof was waived on face of the order by Mr. Malcolm's counsel.

The third petition for modification was filed April 26, 1954. Like the second petition it makes no mention of the Nevada decree and treats the separate maintenance decree as jurisdictionally valid. It alleges a change of circumstance founded on the fact that the son duly attained 17 years of age and that he would continue permanently to live with his father. It prays for modification, both as to custody of the son and final termination of the decretal support award for the son. This petition likewise came to due hearing before Judge Toms and, by order

entered May 21, 1954 on motion of Mr. Malcolm's counsel, the court granted it by awarding custody of the son to the father and by terminating the original requirement that Mr. Malcolm pay $10 per week for the son's support.

Mr. Malcolm's fourth and final petition for modification was filed July 13, 1954. The petition set up the fact of alleged jurisdictional entry of the Nevada decree which, as to its face and as we have seen, provided for support of the child only and made no provision for or determination of support by Mr. Malcolm of Mrs. Malcolm. The petition then proceeded to directly attack the separate maintenance decree of 1949 as follows:

"That, despite the fact that defendant claims and contends that the final decree herein for the payment of support-money for his former wife, without the duty to support his minor son coupled therewith, is irregular, null and void, this petition is respectfully submitted for the purpose of removing and erasing said final decree from the files and records of this court."

The prayer of the petition reads:

"That an order be made and entered herein amending and modifying said final decree by setting aside, vacating and holding for naught the provision therein for the payment of support-money for the plaintiff."

Judge Toms denied this last petition by order entered February 14, 1955 and, 3 days later by separate order, adjudged Mr. Malcolm guilty of contempt for failure to comply with the decree so far as concerns support of Mrs. Malcolm. The 2 last-mentioned orders are before us for review by claim of appeal filed August 4, 1955.

*First:* We might well rest decision of this case on estoppel by judgment. Mr. Malcolm's right and

opportunity to assert, in the courts of Michigan, his present claim that the Nevada decree wiped out obligation on his part to support Mrs. Malcolm, and that the courts of our State must accord that decree full faith and credit,* was open to him without fetter when he appeared generally in the suit February 21, 1949. Instead of insisting upon such right he proceeded to recognize jurisdictional validity of the separate maintenance decree by applying for modification thereof from time to time according to alleged changes of circumstances. On 2 occasions he obtained and has received the benefit of partial relief therefrom according to our procedural methods. No appeal from the decree or from the 3 mentioned and successive orders entered in the cause was taken. The order of October 10, 1949, entered as it was by a court possessed of personal jurisdiction over the parties, became so far as Mr. and Mrs. Malcolm are concerned a final adjudication of validity of the separate maintenance decree and of jurisdictional authority of the Wayne circuit court to provide for Mrs. Malcolm's future support by Mr. Malcolm.

Mr. Malcolm's appeal to the faith and credit clause comes too late for consideration in our courts and, since it was not seasonably raised here, it appears that our superior will not consider it (*Edelman* v. *California,* 344 US 357, 358 [73 S Ct 293, 97 L ed 387]). However, and since there is apparent need in our State for determination of the meritorious question, we prefer not to rest decision on such ground.

*Second:* Turning now to merits of the asserted constitutional right (that the Nevada decree constitutes an adjudication absolving Mr. Malcolm from obligation to support his then wife and that the

---

\* US Const, art 4, § 1.—Reporter.

courts of Michigan are bound to extend faith and credit thereto): We hold that failure of the Nevada court to pronounce or attempt pronunciation of judgment respecting support by Mr. Malcolm of Mrs. Malcolm left our circuit court free to adjudicate upon that matter. Thus, and paraphrasing *Armstrong* v. *Armstrong,* 350 US 568 (76 S Ct 629, 100 L ed 705), the Nevada judgment was given full faith and credit by our circuit court so far as the judgment in Nevada went. The circuit court had complete and personal jurisdiction of both parties and, in furtherance of that jurisdiction, has judicially provided support of Mrs. Malcolm at expense of Mr. Malcolm. The appealed orders of 1955 were consequently and jurisdictionally authorized as against Mr. Malcolm's appeal to the faith and credit clause. This would be so even if the Nevada court had expressly assumed to determine judicially that the husband need no longer support his original mate. As was said in *Estin* v. *Estin,* 334 US 541, 548, 549 (68 S Ct 1213, 92 L ed 1561, 1 ALR2d 1412):

"The Nevada decree that is said to wipe out respondent's claim for alimony under the New York judgment is nothing less than an attempt by Nevada to restrain respondent from asserting her claim under that judgment. That is an attempt to exercise an *in personam* jurisdiction over a person not before the court. That may not be done. Since Nevada had no power to adjudicate respondent's rights in the New York judgment, New York need not give full faith and credit to that phase of Nevada's judgment."

*Third:* We do not decide whether the Nevada decree effectively severed the bonds of matrimony which theretofore united Anna and Herbert Malcolm. That question is not before us. All we can or should say of the Nevada decree on present record is that it is entitled to prima facie weight in Michi-

gan so far only as concerns its effect upon marital status (*Williams* v. *North Carolina*, 325 US 226 [65 S Ct 1092, 89 L ed 1577, 157 ALR 1366]; *Estin* v. *Estin, supra*).

For reasons and on grounds stated in division "Second" above, the appealed 1955 orders are affirmed, with costs to plaintiff.

SHARPE, SMITH, BOYLES, KELLY, and CARR, JJ., concurred with BLACK, J.

DETHMERS, C. J., concurred in the result.

The late Justice REID did not sit.