OWEN v OWEN

1. DIVORCE—FOREIGN DIVORCE—FULL FAITH AND CREDIT—DOMICILE—EVIDENCE.

Decision of trial court, that a Nevada divorce was not entitled to full faith and credit on a finding that plaintiff had not established domicile in Nevada, was erroneous because such a finding is clearly contrary to the evidence where the Nevada court expressly found that plaintiff had established domicile and plaintiff had resided continuously in Nevada since the divorce was granted.

2. DIVORCE—FOREIGN DIVORCE—JURISDICTION—ABATEMENT AND REVIVAL.

It is not a proper ground for invalidating a Nevada divorce that the Nevada court could not properly obtain jurisdiction and there was no bar of a pending action in Michigan where plaintiff's action for divorce in Michigan and defendant's cross-complaint for separate maintenance had been tried and a final judgment had entered although plaintiff had filed a claim of appeal as, even if the claim of appeal made the matter pending in Michigan, this does not prevent the Nevada court from adjudicating the cause.

3. DIVORCE—FOREIGN DIVORCE—CONSTITUTIONAL LAW—FULL FAITH AND CREDIT.

An *ex parte* divorce, obtained by substituted service on defendant, is valid absent other irregularities and the Constitution of

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 24 Am Jur 2d, Divorce and Separation § 948.
[1] Recognition as to marital status of foreign divorce decree attacked on ground of lack of domicile, since Williams decision. 28 ALR2d 1303.
[2] 24 Am Jur 2d, Divorce and Separation § 188.
Stay of civil proceedings pending determination of action in another state or country. 19 ALR2d 301.
Pendency of prior action for absolute or limited divorce between same spouses in same jurisdiction as precluding subsequent action of like nature. 31 ALR2d 442.
[5] 24 Am Jur 2d, Divorce and Separation §§ 977 *et seq.*, 995–997.

the United States requires that sister-states give such divorce decrees full faith and credit (US Const, art IV, § 1).

4. DIVORCE—FOREIGN DIVORCE—CONSTITUTIONAL LAW—FULL FAITH AND CREDIT.

Michigan must recognize a Nevada divorce that plaintiff obtained after a Michigan court denied him an absolute divorce and granted separate maintenance to defendant; but, the fact that the Nevada divorce must be given full faith and credit does not mean however, that it is determinative of all of the incidentals of marriage.

5. DIVORCE—FOREIGN DIVORCE—FULL FAITH AND CREDIT—SEPARATE MAINTENANCE—PROPERTY SETTLEMENT—SUPPORT PAYMENTS.

*Ex parte* divorce decisions will not be given full faith and credit with respect to property settlement or support payments; the policy in Michigan is that the property rights of its citizens will be protected and a Nevada divorce did not terminate a husband's obligation to pay support to his former wife under a prior Michigan judgment for separate maintenance where the Nevada divorce did not purport to adjudicate anything other than the marriage relationship and did not mention property settlement or support payments.

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and R. B. Burns and Kelley, JJ., affirming Allegan, Raymond L. Smith, J. Submitted October 4, 1972. (No. 7 October Term 1972, Docket No. 53,752.) Decided March 22, 1973.

36 Mich App 203 reversed in part, affirmed in part.

Complaint by Ben Owen against Angeline Barbara Owen for absolute divorce. Cross-complaint by defendant for separate maintenance. Judgment for defendant. Plaintiff's motion to amend the judgment to one of absolute divorce denied. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed in part, affirmed in part.

*Max D. McCullough,* for plaintiff on appeal.

*Gerald M. Henry,* for defendant.

T. G. KAVANAGH, J. This case comes to us from a decision of the Court of Appeals[1] holding plaintiff's Nevada divorce void as to a prior award of separate maintenance granted to defendant by a Michigan court.

On December 21, 1964, plaintiff Ben Owen filed a complaint for absolute divorce in the circuit court for Allegan County. Defendant Angeline Barbara Owen filed an answer and a cross-complaint for separate maintenance.

After a contested trial, plaintiff was denied an absolute divorce, while defendant was granted an award of separate maintenance. Judgment for separate maintenance was entered on July 26, 1965 which included a requirement that plaintiff pay to defendant the sum of 40 dollars per week plus other expenses as support.

In August of 1965, plaintiff moved to the State of Nevada and there commenced an action for absolute divorce. Defendant was served in Michigan with a copy of the Nevada complaint and summons.

On October 7, 1965, plaintiff obtained a judgment for absolute divorce from the Nevada court. He has lived in Nevada continuously since that time.

Following his award for absolute divorce in Nevada plaintiff petitioned the Allegan County Circuit Court to amend its earlier judgment for separate maintenance to one of absolute divorce. The petition was denied. The Court of Appeals affirmed.

In essence, two issues are presented on appeal:

---

[1] 36 Mich App 203 (1971).

1) Whether plaintiff's Nevada divorce must be given full faith and credit in Michigan.

2) If plaintiff's Nevada divorce is valid, does it affect plaintiff's obligations imposed by the judgment for separate maintenance?

The trial court based its holding that the Nevada divorce was not entitled to full faith and credit on a finding that plaintiff had not established domicile in Nevada. Such a finding is clearly contrary to the evidence. The Nevada court expressly found that plaintiff has established domicile. Furthermore, plaintiff had resided continuously in Nevada since the divorce was granted. This is not a case where a person went to Nevada purely for the purpose of obtaining a divorce. The decision of the trial court was erroneous, and cannot be grounds for finding the Nevada divorce invalid.

The majority opinion in the Court of Appeals held that the Nevada court could not properly obtain jurisdiction since there was a prior pending action in Michigan. It was this holding that was the subject of the dissent. The cause had been tried, and a final judgment had entered. Although a claim of appeal had been filed there was no bar of a pending action in Michigan.[2] This too then was not proper ground for invalidating the Nevada divorce.

It has long been held that an *ex parte* divorce, obtained by substituted service on defendant, is valid absent other irregularities.[3] The Constitution of the United States requires that sister-states give

[2] Even if the claim of appeal made the matter pending in Michigan, this does not prevent the Nevada court from adjudicating the cause. See *In re Elliott's Estate,* 285 Mich 579 (1938).

[3] *Williams v North Carolina,* 317 US 287; 63 S Ct 207; 87 L Ed 279 (1942), *Williams v North Carolina,* 325 US 226; 65 S Ct 1092; 89 L Ed 1577 (1945).

such divorce decrees full faith and credit.[4] We hold that such is the case here, and that Michigan must recognize this divorce.

The fact that plaintiff's Nevada divorce must be given full faith and credit does not mean however, that it is determinative of all of the incidentals of marriage.

In *Estin v Estin*,[5] a case remarkably similar to this on its facts, the United States Supreme Court established the doctrine of divisible divorce. The basic holding of *Estin* was that while the Nevada decree must be given full faith and credit as to the continuance of the marriage relationship, it does not necessarily affect other incidentals of marriage such as property settlement or support payments. Speaking for the majority, Justice Douglas addressed himself to what seems to be an underlying inconsistency in the decision.

"An absolutist might quarrel with the result and demand a rule that once a divorce is granted, the whole of the marriage relation is dissolved, leaving no roots or tendrils of any kind. But there are few areas of the law in black and white. The greys are dominant and even among them the shades are innumerable. For the eternal problem of the law is one of making accommodation between conflicting interests. This is why most legal problems end as questions of degree. That is true of the present problem under the Full Faith and Credit Clause. The question involves important considerations both of law and of policy which it is essential to state."

*Estin* leaves to the law and policy of the home state the decision as to whether the foreign divorce judgment will affect those aspects of the marriage over which the home state retains control.

---

[4] US Const, art IV, § 1.

[5] *Estin v Estin,* 334 US 541; 68 S Ct 1213; 92 L Ed 1561 (1948).

The divorce in Nevada did not purport to adjudicate anything other than the marriage relationship. It does not mention property settlement or support payments. Furthermore, the law in Michigan appears to be that *ex parte* divorce decisions will not be given full faith and credit with respect to these matters.[6] The policy in Michigan is that the property rights of its citizens will be protected. We find therefore that the Nevada divorce did not terminate plaintiff's obligation to pay support under the prior Michigan judgment.

Reversed in part, affirmed in part. No costs.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, SWAINSON and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.

LEVIN and M. S. COLEMAN, JJ., did not sit in this case.

---

[6] *Malcolm v Malcolm,* 345 Mich 720 (1956).