## VAILLENCOURT v VAILLENCOURT

Docket No. 78-1240. Submitted June 12, 1979, at Detroit.—Decided November 5, 1979. Leave to appeal applied for.

Margaret L. Vaillencourt began a divorce action against her husband, Clifford C. Vaillencourt. The defendant filed a special appearance and a motion for accelerated judgment, alleging that the Michigan court lacked jurisdiction to grant a divorce because the parties had moved to Arizona and that the plaintiff failed to meet the 180-day residency requirement. Before the hearing on the defendant's motion, the defendant brought an action for divorce in Arizona, in which the plaintiff made a special appearance by her attorney and challenged the jurisdiction of the Arizona court. The Arizona court granted Mr. Vaillencourt a default judgment of property, after which he amended his motion in Michigan to assert that the Arizona divorce judgment was entitled to full faith and credit. Defendant obtained a new attorney, who appeared physically in court on behalf of the defendant but never filed an appearance. Defendant's motion was denied, and eventually defendant's default was entered and plaintiff was awarded a judgment of divorce, Oakland Circuit Court, Frederick C. Ziem, J. In a subsequent motion to set aside the default, which was denied; defendant raised for the first time the issue of plaintiff's failure to give the required notice prior to the hearing on the default. Defendant appeals. *Held:*

1. The requirement that a party who has appeared in the

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 47 Am Jur 2d, Judgments §§ 1178, 1179.

Effect under Rule (b)(2) of the Federal Rules of Civil Procedure and similar state statutes and rules, of failure, prior to taking default judgment against party who has appeared, to serve 3-day written notice of application for judgment. 51 ALR2d 837.

What amounts to "appearance" under statute or rule requiring notice, to party who has "appeared," of intention to take default judgment. 73 ALR3d 1250.

[2, 3] 5 Am Jur 2d, Appearance §§ 1, 2.

[4] 24 Am Jur 2d, Divorce and Separation §§ 991-997.

Valid foreign divorce granted upon constructive service as precluding action by spouse for alimony, support, or maintenance. 28 ALR2d 1378.

action be given written notice of a pending default is mandatory, and failure to give such notice invalidates the default judgment and requires that it be vacated.

2. The issue in this case is whether or not the defendant appeared in the action for purposes of the notice requirement. The "special appearance" filed by the defendant's first attorney was an "appearance" for purposes of the rule. That appearance was never withdrawn; therefore, because defendant was not given notice of the pending default, the judgment must be set aside.

The judgment is vacated, and the case is remanded.

1. JUDGMENT — DEFAULT JUDGMENT — NOTICE — COURT RULES.

A party against whom a default judgment is sought, if he has appeared in the action, is entitled to be served with written notice of the application for judgment at least seven days prior to the hearing on the application; oral notice is not substantial compliance with this rule, and where a default judgment is entered without written notice, such failure to give the required notice invalidates the judgment and requires that it be vacated (GCR 1963, 520.2[2], 520.4).

2. TRIAL — APPEARANCE — WORDS AND PHRASES.

An "appearance" is an act of a party acknowledging jurisdiction of the court or invoking court action on his behalf; knowledge of the pending proceedings and an intention to appear are ordinarily requisite to render an act or a course of conduct an appearance.

3. JUDGMENT — DEFAULT JUDGMENT — NOTICE — APPEARANCE — COURT RULES.

The written notice to a party against whom a default judgment is to be taken, required by court rule where that party has appeared in the action, is necessary whether the appearance was entitled a "special appearance" or a general appearance (GCR 1963, 520.2[2]).

4. DIVORCE — CONSTITUTIONAL LAW — FULL FAITH AND CREDIT — PROPERTY SETTLEMENTS — SUPPORT.

An *ex parte* divorce decision of a foreign jurisdiction will not be given full faith and credit with respect to matters of property settlements or support payments.

*Paul G. Valentino,* for plaintiff.

*Canner & Bohnestiehl, P.C.,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

BEASLEY, J. A default judgment of divorce was awarded plaintiff, Margaret L. Vaillencourt, from defendant, Clifford C. Vaillencourt, on December 30, 1977. Defendant husband appeals from the denial of his motion to set aside the default judgment.

Plaintiff and defendant were married in Pontiac, Michigan, on December 21, 1956. They had no children. On February 3, 1977, plaintiff wife began a divorce action in Michigan. Personal service was made upon defendant husband in Prescott, Arizona, on March 4, 1977.

On March 23, 1977, defendant filed a special appearance and motion for accelerated judgment in the Michigan divorce action. In his motion, defendant alleged that the Michigan court lacked jurisdiction to grant plaintiff a divorce because the parties had moved to Arizona in September, 1976, acquired property and registered voter status in that state, and put their Michigan home up for sale; hence, he claimed plaintiff failed to meet the 180-day residency requirement of MCL 552.9; MSA 25.89. Defendant further claimed that plaintiff had lived with him in Arizona until approximately February 1, 1977, when she returned to Michigan and filed for divorce. Plaintiff denied defendant's assertions, claiming she remained a resident of Michigan, voted in Michigan and held office in the state. On April 20, 1977, the trial court heard defendant's motion and scheduled an evidentiary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hearing to determine the issues of fact that had been raised.

Meanwhile, on March 25, 1977, defendant had filed an action for divorce in the Superior Court of Arizona, Yavapai County. In the Arizona action, no personal service was made upon plaintiff, but a copy of the Arizona notice of hearing was sent to her Michigan attorney in Michigan. Through a special appearance by her attorney, she challenged the jurisdiction of the Arizona court. On May 24, 1977, the Arizona court entered a default judgment of divorce which included provisions for division of the marital property. Without hearing plaintiff, the Arizona court determined that it had both subject matter jurisdiction and personal jurisdiction over plaintiff.[1]

On June 8, 1977, defendant amended his motion for accelerated judgment to assert that the Arizona divorce decree was entitled to full faith and credit in the courts of this state and that plaintiff's complaint should be dismissed under GCR 1963, 116.1(5), as the subject of a prior judgment. Plaintiff's answer to the amended motion responded that the Arizona divorce action was invalid because it was filed subsequent to the Michigan action, and that, in any event, the jurisdiction of the Arizona court could only extend to the marriage res, not to property or monies under the jurisdiction of the Michigan court.[2]

Following a conference in chambers in August, 1977, the trial judge directed both parties to attempt to negotiate a property settlement in an effort to avoid extensive litigation of the complex

[1] Under Arizona law, one of the parties must have been domiciled in the state for 90 days prior to commencing the action. Ariz Rev Stat 25-312.

[2] Plaintiff claims the Arizona court lacked personal jurisdiction over her.

jurisdictional problem. In the event that the parties could not reach agreement, an evidentiary hearing was set for October 18, 1977.

No property settlement was reached. On September 21, 1977, the trial court permitted defendant's attorney to withdraw. On October 18, 1977, the date set for the evidentiary hearing, Ray L. Bohnenstiehl, defendant's new attorney, physically appeared in court without his client, but Bohnenstiehl had not yet filed, nor did he then file, a written appearance. He requested the court to adjourn the evidentiary hearing, claiming that defendant's original attorney refused to release to him alleged documentary evidence necessary to support defendant's claims that plaintiff had not been domiciled in Michigan prior to filing this action. Based on defendant's inability to present any relevant evidence at the scheduled hearing, the court denied the motion for accelerated judgment without prejudice.

According to plaintiff's counsel, immediately after this hearing, outside the courtroom, plaintiff's counsel told defendant's new attorney that he expected an appearance and answer to be filed immediately, or defendant would be defaulted. Bohnenstiehl, defendant's new attorney, admitted this conversation with plaintiff's attorney, Paul Valentino, did take place, but claimed that he later spoke to another attorney in Valentino's office in regard to the proposed order recapitulating the October 18, 1977, ruling; and this attorney assured him that no default would be taken.[3] Still, no appearance was filed by Bohnenstiehl.

On December 30, 1977, defendant's default was

[3] Plaintiff's attorney, Paul Valentino, was killed in an airplane accident in August, 1979, which was after oral argument in this Court.

entered and plaintiff took a judgment of divorce *pro confesso.* The property division in this judgment was considerably more favorable to plaintiff than the provisions of the Arizona judgment, awarding virtually all of the parties' real and personal property within the State of Michigan to plaintiff.[4]

On January 11, 1978, defendant filed a motion to set aside the judgment of divorce. The trial court found no basis for setting aside the judgment and denied the motion. However, again the trial judge wisely recommended that the parties attempt to negotiate a property settlement, and he delayed the order denying defendant's motion for two weeks. When the parties were unable to arrive at an agreement, the order denying the motion to set aside the default judgment was entered.

Defendant moved for rehearing of his prior motion to set aside the default and for a stay of proceedings pending an appeal. In addition to the grounds previously asserted for setting aside the default judgment, defendant raised, for the first time, the issue of plaintiff's failure to give the notice required by GCR 1963, 520.2(2). Both motions were denied.

Defendant's appeal is timely only as to the order denying his motion to set aside the default judgment of divorce.

GCR 1963, 520.2(2) states in pertinent part:

"* * * the party entitled to a judgment by default shall apply to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written

---

[4] In neither Arizona nor Michigan has there been trial on the merits regarding property and other matters.

notice of the application for judgment at least 7 days prior to the hearing on such application."

Defendant's counsel claims that under GCR 1963, 520.4, the trial court was required to set aside the default. Defendant argues that, as an appearance had been made, he was entitled to seven days notice prior to taking the default. Plaintiff says there was no appearance and that even if this court determines that there had been, plaintiff's attorney notified attorney Bohnenstiehl orally outside of the courtroom that a default would be taken. In support of this proposition, plaintiff cites *Asmus v Barrett*.[5] The defendants in *Asmus* apparently had four days notice of a re-scheduled hearing date on plaintiff's application for default judgment; that hearing had been postponed from five weeks earlier, and defendants had ample written notice of the original hearing date. We find *Asmus* inapposite to the instant facts. Further, GCR 1963, 520.2(2) speaks unequivocally of serving written notice upon "the party against whom judgment by default is sought" provided he "has appeared in the action". We reject plaintiff's contention that there can be oral substantial compliance with GCR 1963, 520.2(2).

GCR 1963, 520.2(2) expresses a fundamental concept of due process and its observation is mandatory; failure to give the required notice invalidates the judgment and requires that it be vacated.[6] We find the dispositive question to be, did defendant appear in this action?

Defendant cites the only Michigan case which appears squarely to have addressed the meaning of "appear" in GCR 1963, 520.2(2). In *Rhodes v Rho-*

[5] 30 Mich App 570; 186 NW2d 819 (1971).
[6] *Petroff v Petroff,* 88 Mich App 18, 21; 276 NW2d 503 (1979).

*des,*[7] the Court, citing 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 658, states:

" 'The word "appear" as it is used in sub-rule 520.2 must be taken in its generic sense as any act of a party acknowledging jurisdiction of the court or invoking court action on his behalf.' "

*Rhodes* also adopted the language of 6 CJS, Appearances, § 12, p 19:

" 'Knowledge of the pending proceedings and an intention to appear are ordinarily requisite to render an act or course of conduct an appearance. An appearance is not to be inferred except as a result of acts from which an intent to do so may properly be inferred. (Citing cases.)' "

Defendant relies principally upon his personal letter to the trial judge, primarily the following language: "I hope and pray your court will not cause me to loose *[sic]* everything that I have worked and saved for 35 years."

Defendant seeks to characterize this as a "prayer for relief". However, defendant's letter does not fit comfortably within the definition of "appear" offered by *Rhodes.* Rather, the letter, when read as a whole, appears to renew defendant's claim that the Michigan court lacks jurisdiction and requests the court to forbear for that reason.

Defendant strains to find other actions such as the future property settlement negotiations he was to enter into and the approval of an order orally by attorney Bohnenstiehl to constitute an appearance. There is no indication of defendant returning

---

[7] 3 Mich App 396, 400-401; 142 NW2d 508 (1966).

to negotiate prior to the default judgment. Although in some cases communications or negotiations with an opposing party's attorney may constitute an "appearance", upon these facts, counsel's activities do not come with the purview of such a definition.

The resolution of the question of whether defendant ever entered an appearance depends upon the significance of the special appearance initially filed on defendant's behalf by his original attorney. This special appearance was never withdrawn.

Although it was formerly held that a special appearance did not entitle a defendant to "notice of all further proceedings in the cause",[8] Honigman and Hawkins indicate that a party who unsuccessfully contests the jurisdiction of the court and remains silent thereafter is still entitled to the notice required by GCR 1963, 520.2(2):

"A party who has 'appeared' may still be defaulted for failure to plead or otherwise defend. Thus, a party might move to dismiss for lack of jurisdiction under Rule 116. If his motion is overruled and he fails thereafter to plead within the prescribed time, he may be defaulted, but the default judgment must be entered by the court. * * *

"If the defendant has 'appeared' as explained above, he is entitled to seven days notice on the application for default judgment."[9]

It is no longer necessary to raise the defense of lack of jurisdiction only by a special appearance; it may now also be raised by motion.[10] This may indeed be the basis for the apparent conclusion

---

[8] *Hews v Hews,* 145 Mich 247, 253; 108 NW 694 (1906).

[9] 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 659.

[10] See, Committee Comment (3) to GCR 1963, 116 at 1 Honigman and Hawkins, *id.* at 324.

drawn by Honigman and Hawkins above that a party has appeared even if for a so-called special appearance.

We find that under GCR 1963, 520.2(2), one who "appears", be it entitled a "special appearance" or a "general" one, is required to have notice under GCR 1963, 520.2(2) before the taking of a default judgment. It is immaterial that a defendant entitled his original pleading a "special appearance"; only the generic term "appearance" retains significance. Therefore, the defendant herein, who unsuccessfully contested the jurisdiction of the court and remained silent thereafter, was entitled to the notice of GCR 1963, 520.2(2), and the default judgment must be set aside.

Consequently, we set aside the judgment of divorce and remand to the trial court for further proceedings.

In so ruling, we do not decide the complex jurisdictional issues which have not yet been heard in the trial court but, in an effort to indicate clearly what we are not yet able to decide on this record, comment further.

In his first motion for accelerated judgment, defendant claimed that the court lacked jurisdiction to grant plaintiff a divorce because she had moved her domicile to Arizona and, therefore, could not meet the Michigan statutory residency requirement. Although defendant raised the Arizona judgment in his amended motion, the trial court indicated at the August 11, 1977, hearing that it would prefer to examine the factual allegations of the original motion first, since those would likely result in outright dismissal if proved. It was only the original motion which was dismissed without prejudice for lack of proofs at the October 18, 1977, hearing. Defendant's direct challenge to

plaintiff's status as a Michigan domiciliary raised a disputed question of fact for the trial court to determine. Neither was this issue heard or decided in Arizona.[11]

The trial judge did not reach the difficult full faith and credit question. He did not have occasion to consider whether he was bound by the judgment of the Arizona court. Consequently, we have an inadequate record and insufficient findings for a meaningful appellate review of that issue.

The United States Constitution requires that sister states give divorce decrees full faith and credit.[12] Divorce proceedings brought by one of the parties in another state are not necessarily invalid by reason of the pendency of divorce proceedings in Michigan, especially where it does not appear that the fact of the pendency of the Michigan proceedings was brought to the attention of the court in the other state.[13] Thus, the Michigan Supreme Court reversed the lower court's holding that a Nevada divorce was void because no other court could have acquired jurisdiction over the same subject matter while a Michigan divorce was pending.[14]

In the instant case, defendant claims that the issue of plaintiff's domicile in Arizona was already litigated in the Arizona courts and, therefore, the determination of that issue is *res judicata* between the parties and binding on the Michigan court through the full faith and credit clause. Plaintiff

---

[11] In this case, to date both sides have proceeded in a default setting so that neither trial judge, Michigan or Arizona, has heard both sides in a contested trial setting.

[12] US Const, art IV, § 1. See, *Williams v North Carolina*, 317 US 287; 63 S Ct 207; 87 L Ed 279 (1942).

[13] *In re Elliott's Estate*, 285 Mich 579; 281 NW 330 (1938).

[14] *Owen v Owen*, 389 Mich 117; 205 NW2d 181 (1973). *In re Elliott's Estate, supra.*

responds that no personal service was made upon her, that she only made a "special appearance" in Arizona, and that the judgment of divorce which defendant allegedly obtained was not the result of active litigation and was merely a routine, very brief default hearing.

In deciding whether to give any effect to the recitals of fact regarding domicile in the Arizona decree, further review of both the Federal and the Michigan cases may be helpful.[15]

Whether the doctrine of divisible divorce, as established by the United States Supreme Court in *Estin v Estin*,[16] and applied by Michigan courts in *Malcolm v Malcolm*[17] and *Owen v Owen*[18] is applicable here, will depend upon the trial court's findings of fact and applications of law.[19] In *Owen,* the Court found the facts to be similar to those upon which the United States Supreme Court based its holding in *Estin* and established divisible divorce. The *Owen* Court, at 121-122, found:

"The basic holding of *Estin* was that while the Nevada decree must be given full faith and credit as to the continuance of the marriage relationship, it does not

[15] See, *Williams v North Carolina,* 325 US 226, 65 S Ct 1092; 89 L Ed 1577 (1945), *Davis v Davis,* 305 US 32; 59 S Ct 3; 83 L Ed 26 (1938), *Sherrer v Sherrer,* 334 US 343; 68 S Ct 1087; 92 L Ed 1429 (1948), *Pratt v Miedema,* 311 Mich 64; 18 NW2d 279 (1945), *Cook v Cook,* 342 US 126, 128; 72 S Ct 157; 96 L Ed 146 (1951), see, *Johnson v Muelberger,* 340 US 581, 587; 71 S Ct 474; 95 L Ed 552 (1951).

[16] 334 US 541; 68 S Ct 1213; 92 L Ed 1561 (1948).

[17] 345 Mich 720; 76 NW2d 831 (1956).

[18] 389 Mich 117; 205 NW2d 181 (1973).

[19] Also, standard rules of civil procedure would apply to the present situation. 24 Am Jur 2d, Divorce and Separation, § 995, p 1131 indicates:

"The power of the divorce court to determine property rights requires jurisdiction in personam over the defendant except to the extent that it proceeds in rem against property located within the state."

necessarily affect other incidentals of marriage such as property settlement or support payments. * * *

"*Estin* leaves to the law and policy of the home state the decision as to whether the foreign divorce judgment will affect those aspects of the marriage over which the home state retains control.

"The divorce in Nevada did not purport to adjudicate anything other than the marriage relationship. It does not mention property settlement or support payments. Furthermore, the law in Michigan appears to be that *ex parte* divorce decisions will not be given full faith and credit with respect to these matters.[6] The policy in Michigan is that the property rights of its citizens will be protected. We find therefore that the Nevada divorce did not terminate plaintiff's obligation to pay support under the prior Michigan judgment.

"[6] *Malcolm v Malcolm,* 345 Mich 720 (1956)."

In any event, it will be the responsibility of the trial court to decide these issues after trial (or after hearing, depending upon the procedural setting) with findings of fact and conclusions of law.

In conclusion, the default judgment of divorce is set aside and this case is remanded to the trial court for further proceedings consistent with this opinion. No costs are awarded, since neither party has prevailed in full.