BROWN v PRISEL

Docket No. 43719. Submitted March 5, 1980, at Detroit.—Decided
April 23, 1980.

Mercedes Brown and Erwin Prisel purchased real property as
tenants by the entireties during their marriage. Erwin obtained
a Nevada divorce. The judgment was silent as to the property
interests of the parties. Erwin retained control of this Michigan
property, collecting the rents and profits therefrom. His will
left all his assets to his second wife, Florence Prisel. Mercedes
filed a claim against Erwin's estate requesting full title to the
Michigan property as Erwin's survivor. Wayne Circuit Court,
Ernest C. Boehm, J., ruled that she was entitled to only a one-
half interest in the property as a tenant in common. Plaintiff
appeals. *Held:*

Every husband and wife owning real estate as joint tenants
or as tenants by the entireties shall, upon being divorced,
become tenants in common of such real estate. The dissolution
of a marital relationship necessitates a change in the title of
real property because the requisite "unity of person" necessary
to sustain a tenancy by the entireties no longer exists.

Affirmed.

1. HUSBAND AND WIFE — DIVORCE — REAL ESTATE — JOINT OWNER-
   SHIP — PROPERTY SETTLEMENTS — TENANTS IN COMMON —
   STATUTES.

   A statute provides that every husband and wife owning real
   estate as joint tenants or as tenants by the entireties shall,
   upon being divorced, become tenants in common of such real
   estate, unless the ownership thereof is otherwise determined by
   the decree of divorce; the purpose of the statute is to prevent
   the clouding of title in the event that a divorce decree does not
   .render a property determination (MCL 552.102; MSA 25.132).

2. HUSBAND AND WIFE — DIVORCE — PROPERTY — JOINT OWNERSHIP
   — CHANGES IN TITLE — "UNITY OF PERSON".

   Property acquired in the name of a husband and wife indicates

an intent that both parties should own it together; however, a dissolution in the marital relationship necessitates a change in title because the requisite "unity of person" necessary to sustain a tenancy by the entireties no longer exists.

3. DIVORCE — HUSBAND AND WIFE — SUBSTITUTED SERVICE — PROPERTY — JOINT OWNERSHIP — CHANGES IN TITLE.

An *ex parte* divorce obtained by substituted service on a defendant is valid absent other irregularities; a valid judgment of divorce, regardless of where it was obtained, operates to trigger the statute which provides that a husband and wife owning real estate jointly or by the entireties shall, upon being divorced, become tenants in common of such real estate.

*Kiefer, Allen & Cavanagh,* for plaintiff.

*Cooney & Cooney, P.C.,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. Plaintiff and Erwin Prisel were married on April 16, 1942, in Detroit, Michigan. During the marriage, they purchased real property as tenants by the entireties in Wyandotte, Michigan. They later moved out of state and Erwin Prisel obtained a Nevada divorce on June 15, 1966. The judgment awarded custody and child support to plaintiff, but was silent as to the property interests of the parties. Erwin Prisel retained control of the Michigan realty, collecting the rents and profits therefrom. His will left all his assets to his second wife, Florence Prisel.

Plaintiff filed a claim against the estate requesting full title to the Michigan property as survivor of Erwin Prisel. She appeals as of right the lower court's ruling that she was entitled to only a one-half interest in the property as a tenant in common.

MCL 552.102; MSA 25.132 provides:

"Sec. 2. Every husband and wife owning real estate as joint tenants or as tenants by entireties shall, upon being divorced, become tenants in common of such real estate, unless the ownership thereof is otherwise determined by the decree of divorce."

The purpose of the statute is to prevent the clouding of title in the event that a divorce decree does not render a property determination. When title to property is taken in the name of a husband and wife, it is an indication of intent that both parties should own it together. However, a dissolution in the marital relationship necessitates a change in title because the requisite "unity of person" necessary to sustain a tenancy by the entireties no longer exists. *Christofferson v Christofferson,* 363 Mich 421; 109 NW2d 848 (1961).

Plaintiff cites numerous cases which held that a divorce judgment in one state cannot affect title to out-of-state property, without personal service on the defendant. These cases are not applicable to the instant situation as the Nevada judgment did not purport to award property to either spouse. It merely terminated the marriage. It has long been held that an *ex parte* divorce obtained by substituted service on a defendant is valid absent other irregularities. *Owen v Owen,* 389 Mich 117, 120; 205 NW2d 181 (1973). The validity of the divorce is undisputed by the parties. The Nevada divorce is therefore entitled to full faith and credit in Michigan.

The constitutionality of the Michigan statute is not at issue. Plaintiff is not deprived of property. The form of shared ownership is changed to a tenancy in common because the requisite "unity of person" necessary to sustain a tenancy by the entireties no longer exists. The language and purpose of the statute indicate that its application

should not be limited to divorce judgments entered in Michigan. A valid judgment of divorce, regardless of where it was obtained, operates to trigger the statute.

Affirmed.