RHODES *v.* RHODES.

1. JUDGMENT—DEFAULT—NOTICE—APPEARANCE.

Judgment by default of defendant, entered without having given him at least 7 days' prior notice of hearing on application for entry of default would be void or voidable if defendant has appeared in the proceeding (GCR 1963, 520.2[2]).

2. SAME—APPEARANCE.

*Appear,* as term is used in court rule pertaining to notice of entry of default judgment against defendants who have appeared in a case, is taken in its generic sense as any act of a party acknowledging jurisdiction of the court or invoking court action on his behalf (GCR 1963, 520.2[2]).

3. APPEARANCE — NOTICE — DIVORCE — PROPERTY SETTLEMENT — CHILD CUSTODY.

Signing by defendant in a divorce action of a property settlement and child custody agreement which was filed in the cause *held,* not to constitute an appearance, requiring plaintiff to give him 7 days' notice of the application for judgment by default (GCR 1963, 520.2[2]).

4. SAME—INTENTION TO APPEAR—INFERENCES.

Knowledge of the pending proceedings and an intention to appear are ordinarily requisite to render an act or course of conduct an appearance, and an appearance is not to be inferred except as a result of acts from which an intent to do so may properly be inferred.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  30A Am Jur, Judgments §§ 198, 199.

Effect, under Rule 55(b)(2) of the Federal Rules of Civil Procedure and similar State statutes and rules, of failure, prior to taking default judgment against party who has appeared, to serve 3-day written notice of application for judgment.  51 ALR2d 837.

[3, 4]  5 Am Jur 2d, Appearance § 14 *et seq.*

[5]  5 Am Jur 2d, Appeal and Error § 856.

5. APPEAL AND ERROR—DIVORCE—MOTION TO SET.ASIDE DEFAULT—
   DISCRETION OF COURT.

    Denial by lower court of defendant's motion to set aside default
    judgment in suit for divorce because good cause had not been
    shown by reason of plaintiff wife's remarriage and alleged
    prejudicial recording of second mortgage *held*, proper, where
    record does not disclose the denial was an abuse of discretion.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 March 9, 1966, at Grand Rapids. (Docket No. 1,180.) Decided May 24, 1966.

Complaint for divorce by Avon Rhodes against J. Huether Rhodes on ground of extreme cruelty. Default judgment for plaintiff. Defendant's motion to set aside default judgment denied, and plaintiff's motion to amend divorce judgment granted. Defendant appeals. Affirmed.

*Small & Shaffer (Robert P. Small,* of counsel), for plaintiff.

*Herbert Phillipson, Jr.,* for defendant.

FITZGERALD, P. J. A complaint for divorce was filed by the plaintiff in this cause on July 30, 1964, in the circuit court for Berrien county, Michigan, alleging a separation on July 29th and charging extreme cruelty.*

On July 31st, an agreement as to property and support and custody of their two children was reached and reduced to writing in the office of the attorney for plaintiff. The document was entitled "Property Settlement Agreement: Custody and Child Support". Defendant signed an acceptance of service and executed a promissory note and second

---

    * CL 1948, § 552.8 (Stat Ann 1957 Rev § 25.88).—REPORTER.

mortgage in accordance with the terms of the settlement agreement.

The document executed by the parties, following entitlement of the court and cause, began:

"It is hereby stipulated and agreed between the parties as follows:"

and provided that,

"The appropriate provisions of this stipulation shall be incorporated in such judgment."

Copies of the settlement agreement, second mortgage and note were sent to defendant on August 20th with a letter from the plaintiff's attorney stating plaintiff's intention to refrain from recording the second mortgage "at the present time" due to a question raised by the first mortgagee. No further action was taken by defendant.

Default was entered against defendant on February 15, 1965, with judgment of divorce being entered on February 18th. Defendant received no notice of either proceeding. Subsequently, defendant learned that plaintiff had remarried and that the second mortgage had, in fact, been recorded.

On June 8, 1965, the defendant filed a timely motion to set aside the default and judgment on the following grounds:

"1. That he had been persuaded not to have his own attorney and seek his own advice.

"2. That the settlement was collusive and entered into for the purpose of effecting separation and divorce, and was void.

"3. That he had been prejudiced by the filing of a second mortgage which may subject him to the foreclosure of his first mortgage.

"4. That he was unaware that the plaintiff had another man she was seeking to marry and that the divorce was a fraud on the court.

"5. That he had received no notice of the proceedings in said action despite the fact he had, by entering into a stipulation, appeared in the action."

On June 14th, plaintiff filed a petition to amend the divorce relative to child support, custody, and rights of visitation.

On August 4th both the defendant's motion to set aside the judgment and plaintiff's motion to amend the judgment were heard, the court denying defendant's motion to set aside the judgment and concurrently entering an order amending the judgment on behalf of plaintiff. Defendant appeals from the order denying his motion to set aside the judgment.

Defendant maintains here that he should have received 7 days' written notice of application for judgment under GCR 1963, 520.2(2), because the previously filed property settlement and child custody agreement constituted an "appearance" under the court rule, *supra*. He also contends that the petition filed in the lower court for setting aside the default set forth good cause and that the trial court abused its discretion in denying the petition.

The relative portion of GCR 1963, 520.2(2), reads as follows:

"2. Judgment. Judgment by default may be entered as follows:  *  *  *

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, or other such representative who has appeared therein. *If the party against whom judgment by default is sought has appeared in the action, he* (or if appearing by representative, his representative) *shall be served with written notice of the application for judgment at least 7 days prior to*

*the hearing on such application."* (Emphasis supplied.)

If a party formally appears, there is no question but that a 7-day notice is required for taking default, otherwise the judgment will be either void or voidable.

Defendant contends that filing of what he chooses to call a "stipulation" is definitely an appearance. He has supplied the Court with what little case law exists on the subject, but the cases are not applicable to the facts before us. *Lane* v. *Leach* (1880), 44 Mich 163, dealt with a stipulation, but both parties appeared by counsel; *Herman* v. *Wayne Circuit Judge* (1926), 236 Mich 604, involved an appearance filed by an attorney; *Wieser* v. *Wayne Circuit Judge* (1929), 247 Mich 52, comes a little closer to the instant facts but questions whether a letter in the German language denying all the material allegations in the bill of complaint is an answer.

We have before us here a document executed by the parties in anticipation of action by a court. The matters settled here by the parties, *i.e.,* property, child support, and custody, are of universal concern in divorce actions, things which, if not resolved by the parties, would have to be resolved by the court. While such efforts are to be commended, we cannot hold that signing such a document relieves a defendant from all the other provisions of statute and court rule specifying the direction his actions must take during the pendency of a divorce.

We do not intend to summarily dismiss defendant's contention that the document filed in this cause entitled him to notice, but rather to delve a little deeper into exactly what was filed and whether this specific document could be called an appearance under GCR 1963, 520.2(2), so as to entitle him to notice.

Defendant urges that the proper interpretation for the word "appear" in GCR 1963, 520.2(2), is as

stated in 2 Honigman and Hawkins, Michigan Court
Rules Annotated (2d ed), p 658:

"The word 'appear' as it is used in sub-rule 520.2
must be taken in its generic sense as any act of a
party acknowledging jurisdiction of the court or in-
voking court action on his behalf."

With this statement we take no issue, but we do
not feel that we can stretch what is patently a prop-
erty settlement and custody agreement into a general
appearance so as to cast a notice burden upon attor-
ney for plaintiff when all of defendant's actions, as
shown by the record on appeal, indicate that he did
not intend to appear in the action.

6 CJS, Appearances, § 12, p 19, states our holding
clearly:

"Knowledge of the pending proceedings and an in-
tention to appear are ordinarily requisite to render
an act or course of conduct an appearance. An ap-
pearance is not to be inferred except as a result of
acts from which an intent to do so may properly be
inferred."   (Citing cases.)

Inference is precisely what defendant asks this
Court to indulge in, and which it declines to do.

Accordingly, we hold that this document, viewed in
light of GCR 1963, 520.2(2), imposed no obligation to
furnish defendant with written notice of the appli-
cation for judgment.

Defendant also asks this Court for a review of its
petition for setting aside the default filed in the
lower court.   GCR 1963, 520.4, provides that for
good cause within a period of 4 months after the
entry of default and judgment by default, the Court
can set aside the default.

Defendant contends that his affidavit of meritori-
ous defenses required by GCR 1963, 520.4, was such
that the motion to set aside the default should have

been granted. After an exhaustive review of the record, it would be difficult to agree with this contention. Defendant sets forth a great deal of conjecture in his affidavit, together with some statements questioning the propriety of the conduct of the divorce proceedings, but specifically comes down to the fact that "he has shown plaintiff was going with another man prior to the taking of proofs."

Defendant further alleges that he was prejudiced by the recording of the mortgage in question and for good measure throws in several references to "Mr. X" which, we must admit, adds an atmosphere of mystery though contributing little to understanding of the matter. In a further affidavit in support of his motion, defendant makes the somewhat cryptic statement that "without the property settlement the divorce would never have taken place, and that the property settlement was sought by the plaintiff herein for the sole purpose of effecting a separation of the parties and a dissolving of the marital relationship."

The trial court, after unravelling the tangled skein, denied the motion in these words:

*"The Court:* There isn't any question in my mind but that it was understood by the defendant at the time he signed it that it was to be carried through to conclusion, to include the property settlement set forth in the stipulation, and that it was not intended to be an appearance, and was not an appearance, and that the judgment should stand, and the motion to set aside the default will be denied for that reason.

"The alleged defenses, the main one of which is the fact that the plaintiff remarried another man within 10 days following entry of the judgment, seems to me to be more or less absurd. A large percentage of the persons who are granted judgments of divorce get remarried. I don't think that's any ground for setting aside the judgment."

The trial court, in its discretion, ruled that good cause had not been shown. Such an exercise of discretion in an application to vacate a default judgment will not be disturbed on appeal absent a clear showing of abuse. *Seifert* v. *Keating* (1955), 344 Mich 456. No such showing is here to be found.

Affirmed. Costs to appellee.

BURNS and J. H. GILLIS, JJ., concurred.