DEEB v BERRI

Docket No. 52369. Submitted April 6, 1982, at Detroit.—Decided August 23, 1982.

Plaintiff, John Deeb, filed a complaint against defendants Watfey Forhad Berri also known as Helen F. Berri, Hassan Berri, and K. Fred Ajluni alleging that he entered into an agreement to purchase a market with a beer and wine license from the Berris and that defendant Ajluni, acting as the attorney for the Berris, prepared the purchase agreement and held $17,500 given by the plaintiff in escrow. Plaintiff further alleged that Ajluni was to return all of his money if the transfer of the beer and wine license was not approved and that Ajluni refused to return the money after the Liquor Control Commission refused to transfer the license. The Berris, thereafter, answered the complaint. Although Ajluni was served with a copy of the complaint and summons he neither answered nor filed any motion in court, however, he was present and cross-examined the plaintiff at a deposition noticed by the Berris' attorney. Plaintiff, thereafter, filed a default as to Ajluni. No notice of filing the default was given to Ajluni, either before or after the statement was filed with the court clerk. Plaintiff moved for entry of a default judgment, again without notice to Ajluni, and the Wayne Circuit Court, Thomas J. Foley, J., granted the motion. Plaintiff was awarded $17,500 plus costs and interest. Ajluni moved to set aside the default judgment but the motion was denied. An order denying Ajluni's motion for a rehearing

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 872.
   Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.
[2] 46 Am Jur 2d, Judgments §§ 740, 741.
[3] 5 Am Jur 2d, Appeal and Error § 545 et seq.
[4] 47 Am Jur 2d, Judgments §§ 1155, 1184.
[5] 47 Am Jur 2d, Judgments §§ 1175, 1178, 1179.
[6] 47 Am Jur 2d, Judgments §§ 1184, 1188.
[7] 5 Am Jur 2d, Appearance § 1.
[8] 5 Am Jur 2d, Appearance §§ 1, 9.
[9, 10] 5 Am Jur 2d, Appearance § 17.

was, thereafter, entered and he now appeals alleging that the circuit court erred in refusing to set aside the default judgment. *Held:*

1. Since the record before the Court of Appeals is adequate to review Ajluni's present claim of error, and as there is a substantial danger that manifest injustice would result if an improper default judgment were allowed to stand, the Court of Appeals finds it necessary to review this issue.

2. The question of whether a party has appeared depends on the facts and circumstances of a case.

3. "Appear" as the term is used in default proceedings should be taken in its generic sense as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf.

4. Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) the knowledge of the pending proceedings and (2) an intention to appear.

5. Although Ajluni did not initiate the deposition by noticing it for plaintiff, this is not fatal to Ajluni's claim that he appeared.

6. As only a party may cross-examine a witness at a deposition, this activity is sufficient to constitute an appearance for purposes of the General Court Rule regarding defaults.

7. Since Ajluni appeared at the deposition, he was entitled to notice of the entry of default judgment. In the absence of notice, a substantial defect in the proceedings occurred.

8. The default judgment should be set aside since there was a substantial defect in the proceedings and Ajluni has filed an affidavit of facts suggesting that he may well have a meritorious defense. The dispute should be determined on the merits after hearing all the facts.

9. Ajluni shall be responsible for counsel fees and costs arising out of the default judgment and this appeal.

Reversed and remanded.

1. JUDGMENTS — DEFAULT JUDGMENTS — APPEAL.

The decision as to whether a default judgment should be set aside is discretionary and will not be reversed on appeal unless a clear abuse of discretion is shown.

2. JUDGMENTS — DEFAULT JUDGMENTS.

Both good cause and a meritorious defense must be shown before a default judgment will be set aside; good cause sufficient to warrant setting aside a default judgment includes: (1) a sub-

stantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand.

3. APPEAL — PRESERVING QUESTION.

The appellate courts in Michigan generally will not consider an issue raised for the first time on appeal; however, this general principle will not be applied where consideration of a claim not previously raised is necessary to a proper determination of a case or if manifest injustice would result if the claim were not considered.

4. JUDGMENTS — STATEMENT OF DEFAULT — COURT RULES.

The entry of the statement of default by the clerk is a ministerial act that may be accomplished without giving prior notice to the defaulted party; the defaulted party should, however, receive notice after the filing of the default, so that he may move to set aside the default if he so chooses (GCR 1963, 107.1[1]).

5. JUDGMENTS — DEFAULT JUDGMENTS — COURT RULES.

A judgment of default may enter in two ways after a default is filed with the clerk: (1) in limited circumstances and when a party has been defaulted for failure to appear, the clerk may, upon the request of the moving party and the filing of an affidavit, sign and enter judgment, (2) in all other cases where the party against whom a default is sought has appeared in the action, he must be served with written notice of the application for judgment at least seven days before the hearing on the application; the failure to provide the requisite notice has been regarded as a denial of due process (GCR 1963, 520.2[2]).

6. JUDGMENTS — DEFAULT JUDGMENTS — APPEARANCES.

The question of whether a party has appeared for purposes of the notice requirements for default judgments depends on the facts and circumstances of the case.

7. JUDGMENTS — DEFAULT JUDGMENTS — APPEARANCES.

The term "appear" as it is used in default proceedings should be taken in its generic sense as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf.

8. APPEARANCES — ACTIONS.

Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear.

9. APPEARANCES — FILING DOCUMENTS.

The filing of a single document with a court may constitute an appearance where the filing party's actions ·unequivocally acknowledge the jurisdiction of the court.

10. APPEARANCES — PARTIES — COURT RULES.

Only a party may cross-examine a witness at a deposition, therefore, such activity is sufficient to constitute an appearance for purposes of the court rule regarding defaults (GCR 1963, 520.2[2]).

*William P. McCarthy,* for plaintiff.

*James R. Bandy,* for defendant.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

ALLEN, P.J. This appeal by defendant Ajluni from an order of default judgment for $17,500 in favor of plaintiff asks us to interpret the words "has appeared" as they are used in GCR 1963, 520.2(2).

Plaintiff filed a complaint against appellant and codefendants Watfey Forhad Berri, also known as Helen F. Berri, and Hassan Berri on December 22, 1976. Appellant was served with a copy of the complaint and summons on January 12, 1977.

In his complaint, plaintiff alleged that he entered into an agreement to purchase from the Berris a market with a beer and wine license. Plaintiff alleged that appellant, acting as attorney for the Berris, prepared the purchase agreement and plaintiff gave him $17,500 to hold in escrow. Plaintiff further alleged that appellant was to return all of the plaintiff's money if the transfer of the beer and wine license was not approved and that appellant refused to return the money after

* Circuit judge, sitting on the Court of Appeals by assignment.

the Liquor Control Commission refused to transfer the license.

The Berris answered the complaint on February 10, 1977. Appellant, however, neither answered nor filed any motion in court. The sole action taken by appellant that shows in the record presented to this Court is that appellant was present and cross-examined the plaintiff at a deposition noticed by the Berris' attorney. On appeal, plaintiff refers to a letter appellant wrote to the lower court, but, as that letter is not a part of the record submitted to this Court, nor does any document that is in the record refer to the letter, we decline to consider the effect of the letter.

On January 25, 1980, plaintiff filed a default as to appellant. No notice of filing the default was given to the appellant, either before or after the statement was filed with the court clerk. Plaintiff moved for entry of default judgment, again without notice to appellant, and the motion was granted April 18, 1980. Plaintiff was awarded $17,-500 plus costs and interest. Appellant moved to set aside the default judgment on May 9, 1980, but the motion was denied May 23, 1980. An order denying appellant's motion for rehearing was entered June 6, 1980, and he now appeals by right. The action against the Berris, which is not involved in this appeal in any way, was settled and dismissed June 23, 1980.

The sole issue on appeal is whether the circuit court erred in refusing to set aside the default judgment against K. Fred Ajluni, defendant-appellant herein.

GCR 1963, 520.4 provides in pertinent part:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been

entered, may likewise set it aside in accordance with Rule 528. * * * A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

The decision as to whether a default judgment should be set aside is discretionary and will not be reversed on appeal unless a clear abuse of discretion is shown. *Borovoy v Bursar Realty Corp,* 86 Mich App 732, 737; 273 NW2d 545 (1978), *Penney v Protective National Ins Co,* 24 Mich App 218, 222; 180 NW2d 44 (1970). Before a default judgment will be set aside, both good cause and a meritorious defense must be shown. *First Bank of Cadillac v Benson,* 81 Mich App 550, 553; 265 NW2d 413 (1978).

Good cause sufficient to warrant setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand. *Glasner v Griffin,* 102 Mich App 445, 448; 301 NW2d 889 (1980), *First Bank of Cadillac, supra.*

Appellant argues that there was a substantial defect in the proceedings below as he received no notice of the filing of the statement of default and as judgment on the default was entered by the court clerk with no notice to him. We have examined the incomplete record submitted to this Court and have found no indication that this defense was raised below. As a general rule, appellate courts of this state will not consider an issue raised for the first time on appeal. *Trail Clinic, PC v Bloch,* 114

Mich App 700; 319 NW2d 638 (1982). This general principle will not be applied, however, where consideration of a claim not previously raised is necessary to a proper determination of a case. *Prudential Ins Co of America v Cusick,* 369 Mich 269, 290; 120 NW2d 1 (1963). If a manifest injustice would result if the claim were not considered, review is appropriate. *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972). As the record before us is adequate to review defendant's present claim of error, *Trail Clinic, supra,* and as there is a substantial danger that manifest injustice would result if an improper default judgment were allowed to stand, we find it necessary to review this issue.

Initially, we observe that the entry of the statement of default by the clerk is a ministerial act that may be accomplished without giving prior notice to the defaulted party. *White v Sadler,* 350 Mich 511, 519; 87 NW2d 192 (1957). A defaulted party should, however, receive notice after the filing of the default, so that he may move to set aside the default if he so chooses. *White v Sadler, supra,* GCR 1963, 107.1(1).

In the proceedings below, appellant received no notice of the filing of the statement of default.

After a default is filed with the clerk, a judgment of default may enter in two ways. In limited circumstances and when a party has been defaulted for failure to appear, the clerk may, upon the request of the moving party and the filing of an affidavit, sign and enter judgment. In all other cases, however, GCR 1963, 520.2(2) specifically provides that when the party against whom a default is sought *"has appeared"* in the action, he must be served with written notice of the application for judgment at least seven days before the hearing on the application.

In interpreting the federal counterpart to Michigan's notice requirement, one court observed:

"The notice requirement contained in [FRCP] 55(b)(2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit." *H F Livermore Corp v Aktiengesellschaft Gebruder Loepfe,* 139 US App DC 256, 258; 432 F2d 689, 691 (1970).

If appellant appeared in the action below, a substantial defect occurred in the proceedings as appellant did not receive the requisite notice. Such an omission has been regarded as a denial of due process. *Vaillencourt v Vaillencourt,* 93 Mich App 344; 287 NW2d 230 (1979), *Advance Dry Wall Co v Wolfe-Gilchrist, Inc,* 14 Mich App 706; 165 NW2d 906 (1968). Appellant asserts on appeal that his cross-examination of the plaintiff at the deposition noticed by the codefendants constituted an appearance so that notice was required.

"Appearance" is not defined in a Michigan court rule or statute. Other courts have stated the general principle that an appearance for purposes of default rules is not necessarily a formal document filed with the court. *Baez v S S Kresge Co,* 518 F2d 349, 350 (CA 5, 1975). The question of whether a party has appeared depends on the facts and circumstances. Anno: *What amounts to "appearance" under statute or rule requiring notice, to party who has "appeared," of intention to take default judgment,* 73 ALR3d 1250.

This Court has held that "appear" as it is used in default proceedings should be taken "in its generic sense" as any act of a party acknowledging jurisdiction of a court or invoking court action on

his behalf, *Rhodes v Rhodes,* 3 Mich App 396, 401; 142 NW2d 508 (1966), quoting from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 658.

Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear. *Rhodes, supra,* 6 CJS, Appearances, § 18, p 24. CJS restates the rule broadly:

"[A]ny action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance." 6 CJS, Appearances, § 19, p 24.

Few cases in Michigan discuss specific actions and the inferences that may be drawn therefrom. In *Rhodes,* this Court declined to find an appearance even though the defendant had filed a settlement agreement in a divorce action. Noting that the document was executed in anticipation of court proceedings, the Court found that it did not unambiguously indicate an intention to appear.

Where, however, a party's actions unequivocally acknowledge the jurisdiction of the court, the Supreme Court has recognized that a single document filed with the court may constitute an appearance. In *Lapham v Tarabusi,* 247 Mich 380; 225 NW 483 (1929), the Court held that a stipulation to continue the case was alone adequate to support the finding that a party had appeared.

No Michigan case has considered whether participation in a deposition is sufficient, by itself, to constitute an appearance. However, the general rule stated in 6 CJS, Appearances, § 24, p 31, is that such an action is sufficient. In *Hayuk v Hallock,* 11 Misc 2d 1086; 172 NYS2d 19 (1958), the

defendant both served notice of the pretrial examination on plaintiffs and actively participated in the examination. The court held that as *only a party* may depose, the notice alone was sufficient to constitute an appearance. The court observed that another reason for finding that defendant "had appeared" was the defendant's examination of the plaintiff, suggesting that this action alone would be sufficient. See also *McGowan v Bellanger,* 32 App Div 2d 293; 301 NYS2d 712 (1969).

In the case at bar, the defendant did not initiate the deposition, but instead relied upon the deposition notice furnished by his codefendants. At the deposition itself the defendant took an active, if relatively brief, role, questioning the plaintiff about the actions that defendant took. While we recognize that the appellant in the case at bar did not initiate the deposition by noticing it for plaintiff, we do not believe this is fatal to appellant's claim that he appeared. We believe that, as only a party may cross-examine a witness at a deposition, this activity was sufficient to constitute an appearance for purposes of GCR 1963, 520.2(2).

As appellant appeared at the deposition, he was entitled to notice of the entry of default judgment. In the absence of notice, a substantial defect in the proceedings occurred.

Appellant also filed an affidavit of facts suggesting that he had a meritorious defense. In the affidavit, appellant alleged that he retained no monies that plaintiff had given to him for the sale of the property. Appellant also alleged that the parties reached an agreement regarding the store after the transfer of the beer and wine license was disapproved, so that there was no improper action on the purchase agreement.

We believe that since there was a substantial

defect in the proceedings, and, as the appellant has stated, there may well be a meritorious defense, the default judgment should be set aside. At least the dispute should be determined on the merits after hearing all the facts. Accordingly, we remand this case for trial.

We also believe that plaintiff should not be assessed costs for appellant's failure to file a timely answer. Accordingly, we hold that appellant shall be responsible for counsel fees and costs arising out of the default judgment and this appeal. *Penney v Protective National Ins Co, supra.*

Reversed and remanded.