LAW OFFICES OF STOCKLER, PC v SEMAAN

Docket No. 71681. Submitted February 23, 1984, at Detroit.—Decided June 19, 1984.

Albert Semaan retained the Law Offices of Lawrence J. Stockler, P.C. to represent him in a $94,652.28 bankruptcy counterclaim against him. For this service, the Law Offices were to be entitled to one-third of any savings realized in the action. The counterclaim against Semaan was dismissed by the bankruptcy court on June 11, 1981. Semaan also retained the Law Offices to settle a dispute Semaan had with his landlord. The dispute was settled and the Law Offices claimed that the reasonable value of its services was $18,000, which was later reduced to $17,684.49. Semaan terminated the services of the Law Offices on or about August 4, 1982. On August 23, 1982, the Law Offices of Lawrence J. Stockler, P.C. filed suit against Semaan in Oakland Circuit Court seeking *quantum meruit* recovery for services rendered. On September 7, 1982, the bankruptcy court set aside its earlier order dismissing the counterclaim against Semaan and permitted the countercomplainant in that action to recover $94,652.28, plus interest, from Semaan. A default was entered against Semaan in the Oakland Circuit Court action for failure to respond. Semaan was not notified of the entry of default. Three weeks later plaintiff filed an application for entry of default judgment against Semaan, claiming damages of $49,235.25. No notice of the motion was sent to defendant. On the same day the application for entry of judgment

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 255, 256, 298.

Validity, construction, and effect of contract providing for contingent fee to defendant's attorney. 9 ALR4th 191.

Limitation to quantum meruit recovery, where attorney employed under contingent fee contract is discharged without cause. 92 ALR3d 690.

[2] 46 Am Jur 2d, Judgments § 763.

47 Am Jur 2d, Judgments §§ 1178, 1184.

[3] 47 Am Jur 2d, Judgments § 1186 *et seq.*

Defaulting defendant's right to notice and hearing as to determination of amount of damages. 15 ALR3d 586.

[4] 15A Am Jur 2d, Compromise and Settlement § 10.

was filed, defendant filed a belated answer to plaintiff's complaint. One week later, the court, George H. LaPlata, J., entered a default judgment against Semaan, stating that Semaan had failed to plead or otherwise defend against plaintiff's claims and that damages of $49,235.25 were proven in open court. No notice of this order or of its filing was sent to defendant. Six months later, defendant filed a motion to set aside the default and default judgment. The court, George H. LaPlata, J., conducted an evidentiary hearing, at the conclusion of which the court found that defendant had not shown a meritorious defense and denied the motion to set aside the default and default judgment. Defendant appeals. *Held:*

1. The trial court was correct in finding that defendant failed to assert a meritorious defense. Defense counsel admitted that plaintiff was entitled to recover something in *quantum meruit* for its services in settling the dispute with the landlord, and the fact that the bankruptcy litigation was not yet concluded did not constitute a meritorious defense to a default on that matter. At the time defendant discharged plaintiff, the status of the bankruptcy case was favorable to defendant and the discharge made it impossible for plaintiff to retain the favorable status.

2. The default judgment must be set aside to extend defendant an opportunity to contest the amount of damages. The default itself stands and fixes the issue of defendant's liability.

3. Defendant's contention that the default should be set aside because Lawrence Stockler assured defense counsel that no default would be entered if an answer was filed late is rejected. The court rules preclude enforcement of alleged oral agreements between parties where one party denies the existence of such an agreement. Lawrence Stockler denies the existence of any such agreement.

Affirmed in part, reversed in part, and remanded.

1. Attorney and Client — Withdrawal From Case — Liens — Quantum Meruit.

An attorney on a contingent fee arrangement who is wrongfully discharged, or who rightfully withdraws, is entitled to compensation for the reasonable value of his services based upon *quantum meruit* and not the contingent fee contract.

2. Judgments — Default Judgments — Notice — Court Rules — Case Law.

The court rules state that a party against whom a judgment by default is sought is entitled to written notice of the application

for judgment at least seven days prior to the hearing on the application if he appears in the action; case law holds that every defaulted party should receive notice after the filing of the default so that he may move to set aside the default if he so chooses (GCR 1963, 520.2[2]).

3. JUDGMENTS — DEFAULT JUDGMENTS — DAMAGES.

The question of a defendant's liability is decided by a default judgment, but where further proceedings are necessary to determine the amount of damages the defendant has a right to participate in those proceedings.

4. TRIAL — AGREEMENTS AS TO PROCEEDINGS — COURT RULES.

An agreement between parties to an action concerning the proceedings in the case is not binding where disputed by one of the parties unless the agreement was made in open court or was in writing (GCR 1963, 507.9).

*Law Offices of Lawrence J. Stockler, P.C.* (by *Lawrence J. Stockler),* for plaintiff.

*Bell & Hudson, P.C.* (by *Cynthia K. Yott),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant appeals as of right from an order entered in the Oakland County Circuit Court which denied his motion to set aside a default and default judgment entered against him.

On August 23, 1982, plaintiff filed a complaint seeking *quantum meruit* recovery for legal services rendered on behalf of defendant. In Count I of the complaint, plaintiff alleged that it had a contingency fee arrangement with defendant providing that if plaintiff saved defendant any money in a $94,652.28 bankruptcy counterclaim action against him defendant would pay plaintiff 1/3 of such savings. The counterclaim against defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was dismissed by the bankruptcy court on June 11, 1981.

In Count II of the complaint, plaintiff alleged that defendant had retained plaintiff in January, 1979, to settle a dispute defendant had with his landlord. Plaintiff claims that defendant promised to pay plaintiff "the reasonable value of [plaintiff's] services in so representing and advising [defendant]". The dispute with the landlord was settled by plaintiff, and plaintiff asserted in its complaint that the reasonable value of its services was $18,-000. This sum was reduced to $17,684.49 in the application for default judgment.

Defendant terminated plaintiff's services on or about August 4, 1982. Thereafter, on September 7, 1982, Judge George E. Woods of the bankruptcy court set aside his earlier order dismissing the counterclaim against defendant. In so doing, Judge Woods permitted Allied Supermarkets, Inc., the countercomplainant in the bankruptcy action, to recover $94,652.28 from defendant, plus interest.

On September 13, 1982, a default was entered against defendant for the reason that defendant had not taken any action allowed him by law within the time prescribed by the court rules. Defendant had been served with a summons and complaint on August 23, 1982. Defendant was not notified of the entry of default.

On September 15, 1982, plaintiff filed an application for entry of default judgment against defendant, claiming damages of $49,235.25. No notice of this motion was sent to defendant or his attorneys, but, on September 15, defendant filed his belated answer to plaintiff's complaint. A copy of the answer was sent to plaintiff.

On September 22, 1982, the trial court entered judgment by default against defendant, stating

that defendant had failed to plead or otherwise defend against plaintiff's claims and that damages of $49,235.25 were proven "in open court". No notice of this order or of its filing was sent to defendant or his attorneys.

On April 20, 1983, defendant filed a motion with the trial court to set aside the default and default judgment. On May 11, 1983, the trial court conducted an evidentiary hearing to determine if defendant had a meritorious defense. At the conclusion of that hearing, finding that defendant had not shown a meritorious defense, the circuit court denied the motion to set aside the default and default judgment.

· Defendant asserts that the circuit court erred in denying the motion to set aside default and default judgment because he presented a reasonable excuse which constituted good cause for his failure to timely answer and because he showed that he had a meritorious defense. *Deeb v Berri,* 118 Mich App 556, 561; 325 NW2d 493 (1982); *First Bank of Cadillac v Benson,* 81 Mich App 550, 553; 265 NW2d 413 (1978); GCR 1963, 520.4.

We agree with the trial court's conclusion that defendant failed to assert a meritorious defense. At the hearing to set aside the default and default judgment, defense counsel admitted that plaintiff was entitled to recover something in *quantum meruit* on Count II. Counsel's admission of liability clearly establishes no defense.

As to Count I, defense counsel simply argued that judgment was premature as the bankruptcy litigation had not yet been concluded and defendant's liability to plaintiff under the terms of the contingency fee agreement depended on the conclusion. However, counsel did not deny that, when defendant discharged plaintiff, the then status of

the case was favorable for defendant and that plaintiff's discharge made it impossible for the law firm to try to retain the favorable status of the case.

When an attorney with a contingent fee contract is wrongfully discharged (and defendant did not assert at the evidentiary hearing that plaintiff's discharge was not wrongful), that attorney is entitled to compensation for the reasonable value of his services based upon *quantum meruit* recovery. *Ambrose v Detroit Edison Co,* 65 Mich App 484, 491-492; 237 NW2d 520 (1975). Thus, the fact that the bankruptcy litigation was not yet concluded did not constitute a meritorious defense.

Defendant also argues that the default judgment entered against him should be set aside because he did not receive notice of plaintiff's application for judgment seven days before the hearing on this application. GCR 1963, 520.2(2) provides that *if a party appears* in an action, he is entitled to at least seven days' notice before a hearing on any application for default judgment. Despite the conditional language of the rule, both this Court and the Supreme Court have said that notice of default should be sent to the party defaulted. *White v Sadler,* 350 Mich 511, 519; 87 NW2d 192 (1957); *Deeb, supra,* p 562.

In this case, defendant filed an answer on the same day as plaintiff filed its application for default judgment. A copy of this answer was served on plaintiff. However, plaintiff nonetheless failed to serve a copy of the default and application for default judgment on defendant.

Plaintiff contends that defendant did not make an appearance and, thus, was not entitled to notice of the application for default judgment. We disagree. Under the principles of *Deeb, supra,*

defendant's belated filing of an answer constituted an appearance. While this answer did not operate to set aside the default and was ineffective to put the question of liability in dispute until such time as it was set aside, it did constitute an action on the part of defendant which recognized the case as in a court of competent jurisdiction (that is, filing the answer constituted an appearance). *Cf. Deeb, supra,* pp 563-565. (Appearing at a deposition constituted an appearance for purposes of GCR 1963, 520.2[2].)

In this case, it must be acknowledged that defendant's appearance was entered after plaintiff's application for entry of default judgment had been filed. Nonetheless, upon receiving defendant's answer, plaintiff was minimally required to then serve defendant a copy of the default and application for default judgment. GCR 1963, 107 provides in pertinent part:

"1. Service; When Required.

"(1) Unless otherwise specifically provided by this rule, every party who has filed a pleading, an appearance, or motion shall be served with a copy of every written paper subsequently filed in the action, *including a default if one has been entered against him.*" (Emphasis added.)

Given this rule and the proposition that a defaulted party should be served with notice of the default, we hold that the default judgment in this case must be set aside to extend defendant an opportunity to contest the amount of damages. *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Michigan,* 119 Mich App 671, 675; 326 NW2d 599 (1982). The default itself, however, stands and cements the issue of defendant's liability. *Midwest Mental Health, supra.*

Defendant also contends that Lawrence Stockler assured defense counsel that no default would be entered if an answer was filed somewhat late. Based upon the alleged stipulation to allow the late filing, defendant asserts that the default should be set aside. We disagree. Attorney Stockler vehemently denies that any such agreement was entered into, the stipulation was not entered in open court, and defendant has not produced a writing subscribed by Stockler or another attorney with Stockler's firm which allows late filing. Assuming, *arguendo,* the existence of the oral agreement, GCR 1963, 507.9 precludes its enforcement. See, also, *Kibby v Rhoads,* 29 Mich App 261, 274; 185 NW2d 117 (1970).

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.