## RAGNONE v WIRSING

Docket No. 62241. Submitted December 17, 1984, at Lansing.—Decided March 5, 1985.

Samuel A. Ragnone brought an action in the Genesee Circuit Court against Craig C. Wirsing for attorney fees earned by and due plaintiff. Defendant obtained counsel and a meeting was scheduled for plaintiff, defendant and defendant's counsel to discuss the matter. Only defendant's counsel attended the meeting. On the afternoon of the scheduled meeting and without notice to defendant or his counsel, plaintiff obtained a default judgment against defendant, Donald R. Freeman, J. The court also denied defendant's motion for relief from judgment. Defendant appealed. *Held:*

The term "appear" as it is used in default proceedings should be taken in its generic sense as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf. Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear. Defendant's conduct constituted an appearance so that he was entitled to notice prior to the taking of a default.

Reversed and remanded with instructions.

1. JUDGMENTS — APPEARANCES — DEFAULT JUDGMENTS.

The term "appear" as it is used in default proceedings should be taken in its generic sense as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf.

2. APPEARANCES — ACTIONS.

Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 1166-1170.
[1, 2] 5 Am Jur 2d, Appearance § 1.
What amounts to "appearance" under statute or rule requiring notice, to party who has "appeared," of intention to take default judgment. 73 ALR3d 1250.

*Anthony J. Mansour,* for plaintiff.

*Shaheen & Shaheen, P.C.* (by *N. Victor Farah*), for defendant.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and C. A. WICKENS,* JJ.

PER CURIAM. Defendant appeals as of right from the entry of default judgment entered against him in a suit brought by plaintiff for the collection of attorney fees. Plaintiff is a duly licensed attorney and was a close personal friend of defendant. Plaintiff represented defendant in a number of legal matters from 1978 to 1982. Plaintiff filed suit to recover attorney fees in the amount of $43,122, *inter alia.* Defendant retained another attorney, Mr. Sharp, to represent him in the instant suit. Sharp and plaintiff set up an appointment for all three men to discuss the matter. Defendant was unable to attend the scheduled meeting as he was snowbound in another state, and he requested rescheduling. That afternoon plaintiff proceeded to obtain a default judgment against defendant.

On appeal, defendant contends that it was reversible error for the trial court not to give him seven days notice before entering the default judgment against him as his attorney's actions were sufficient to constitute an appearance, that plaintiff committed fraud in obtaining the default judgment, that the award should be set aside due to plaintiff's obtaining a prior award for $3,000 in legal fees and that it was an abuse of discretion for the trial court not to vacate the default judgment.

For defendant to be entitled to his written seven days notice prior to the entry of default judgment,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

it is necessary that he have appeared. GCR 1963, 520.2(2). If defendant was required to have this notice, its omission constitutes a denial of due process. *Vaillencourt v Vaillencourt,* 93 Mich App 344; 287 NW2d 230 (1979). However, what constitutes an appearance is not defined in a Michigan court rule or statute:

> "This Court has held that 'appear' as it is used in default proceedings should be taken 'in its generic sense' as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf, *Rhodes v Rhodes,* 3 Mich App 396, 401; 142 NW2d 508 (1966), quoting from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 658.
>
> "Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear. *Rhodes, supra,* 6 CJS, Appearances, § 18, p 24. CJS restates the rule broadly:
>
> " '[A]ny action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance.' 6 CJS, Appearances, § 19, p 24." *Deeb v Berri,* 118 Mich App 556, 563-564; 325 NW2d 493 (1982).

No Michigan case has considered whether written and oral communications between opposing counsel constitutes an appearance for purposes of the default rules. Other courts have held that correspondence between opposing counsel regarding an extension of time in which to file an answer was a sufficient appearance to require notice before entering a default, *Simonson v Sittner,* 82 NW2d 78 (ND, 1957), and that a defendant attending a meeting for the purposes of negotiating a settlement was also sufficient to constitute an appearance. *Svard v Barfield,* 291 NW2d 434 (ND, 1980).

In the instant case we find that defendant's attorney communicated with plaintiff for the pur-

pose of negotiating a settlement, wrote a letter seeking an extension of time for filing an answer, and even attended the scheduled meeting. We find this to be consistent with the policy expressed in *Deeb, supra,* as defendant's attorney was aware of the proceedings and demonstrated an intention to appear.

"In interpreting the federal counterpart to Michigan's notice requirement, one court observed:

" 'The notice requirement contained in [FRCP] 55(b)(2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit.' *H F Livermore Corp v Aktiengesellschaft Gebruder Loepfe,* 139 US App DC 256, 258; 432 F2d 689, 691 (1970)." *Deeb, supra,* p 563.

Accordingly, we reverse the trial court's decision and vacate the default judgment due to defendant's lack of notice.

Defendant has raised alternate grounds for vacating the default judgment; however, we need not discuss these issues in light of our resolution of the foregoing.

We agree with defendant's contention that any monies awarded plaintiff should take into account the $3,000 already awarded to plaintiff in our unpublished decision of *In the Matter of the Estate of Helen L Wirsing, Deceased,* Docket No. 74119, decided November 8, 1984. We find that the instant case involves additional claims separate and distinct from the claim against Wirsing's mother's estate and therefore the award of $3,000 to plaintiff for services rendered to the estate does not satisfy the claims brought against defendant for other legal services. However, we do instruct

the trial court to account for the $3,000 award if plaintiff should ultimately prevail.

Reversed and remanded with instructions. Costs to appellant.