793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK JAMES and SAMMIE THOMAS, d/b/a F&S SCHOOLCRAFT PARTY
STORE, Plaintiffs-Appellees,
v.
IRVING G. BLUM, Defendant-Appellant.
 85-1519
 United States Court of Appeals, Sixth Circuit.
 5/2/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, J.
 
 
 1
 Attorney Irving R. Blum appeals from the order of the district court setting his attorney fee in this case at $3,500. Because the decision below was not clearly erroneous, we affirm.
 
 I.
 
 2
 On June 20, 1983, Frank James and Sammie Thomas retained the services of attorney Irving Blum to represent them in an insurance claim. An agreement was reached by which Mr. James and Mr. Thomas were to pay Mr. Blum $100 per hour for his work, the fee to be paid monthly. From June 20 to September 30, 1983, Blum performed 10.75 hours of work on the file and advanced $114 of expenses, but received no payment. In order to pursue litigation of the insurance claim, the parties entered into a new agreement under which the plaintiffs were to pay Mr. Blum a contingency fee of twenty percent of any recovery they received. While working under this new agreement, Mr. Blum no longer documented the time he spent working on the file.
 
 
 3
 Mr. Blum continued to represent plaintiffs through July of 1984, filing a complaint in Wayne County (Michigan) Circuit Court in November 1983, which the defendant in that case removed to federal court in January 1984. In July 1984, plaintiffs discharged Mr. Blum as their attorney and retained a second attorney, Mr. Imerman, who filed a motion to have Mr. Blum's fee determined by the district court, and to compel delivery of plaintiffs' file. The file was delivered, but the court deferred ruling on Mr. Blum's attorney fee until the conclusion of the case.
 
 
 4
 The case proceeded to a hearing and, in January of 1985, the court-appointed umpire, Mr. Dennis Archer, made an award of $107,000 to the plaintiffs. On May 25, 1985, an evidentiary hearing was held in district court to determine Mr. Blum's fee. Mr. Blum requested a fee based on twenty percent of the plaintiffs' recovery, minus any fee they paid to Mr. Imerman.
 
 
 5
 Following a quantum meruit theory, the district court sought to determine the attorney fee based on hours worked at a reasonable hourly rate. Mr. Blum estimated that he worked fifty hours on the file, although he provided no evidence from his scheduling book to support his estimate. The district court stated that, based on his past experience with these matters and the testimony at the evidentiary hearing, thirty-five hours would be a proper estimate of time spent on the file by Mr. Blum, and $100 per hour would be a proper hourly rate, resulting in a fee award of $3,000. Blum now appeals.
 
 II.
 
 6
 Under Michigan law, an attorney working under a contingency fee agreement who is discharged or withdraws is entitled to compensation for the reasonable value of his services based on quantum meruit. Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 491-492 (1975); Law Offices of Stockler, P.C. v. Semaan, 135 Mich. App. 545, 550 (Per Curiam) (1984). The attorney is not entitled to recover under the contingency fee contract, even if he is wrongfully discharged. Semaan, 135 Mich. App. at 550.
 
 
 7
 In Liddell v. DAIIE, 102 Mich. App. 636, 651 (1981), the court, quoting Crawley v. Shick, 48 Mich. App. 728, 737 (1973), listed the following as factors that enter into a fee calculation:
 
 
 8
 (1) The professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship ship with the client.
 
 
 9
 The United States Supreme Court has addressed the issue of the computation of reasonable attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988, and established that the starting point for determining the proper fee is the number of hours reasonably expended multiplied by a reasonable hourly rate.[1] Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court may then consider other factors, such as those listed in Liddell, which may justify increasing or decreasing the fee. Many of those factors are already subsumed into the hours and rate determination; the court will only increase a fee award when the attorney has achieved exceptional success. Blum v. Stenson, 465 U.S. 886, 896-707 (1984).
 
 
 10
 Contrary to Mr. Blum's assertion, the district court employed the proper method for computing a reasonable attorney fee. The court was not tied to a mechanical hours and rate formula. It explicitly followed the dictates of Hensley; there is no showing that it erred in its legal theory. There was nothing exceptional about this case meriting an augmented fee award.
 
 
 11
 Mr. Blum also contends that the district court's estimate of his hours worked on the file was in error. The district court's finding of such facts will only be disturbed if they are clearly erroneous. Fed. R. Civ. P. 52(a). The district court conducted an evidentiary hearing pursuant to City of Detroit v. Grinnell Corp., 495 F.2d 448, 468-479 (2nd Cir. 1974). Mr. Blum presented no documentation of his hours worked on the case after he began working on a contingency fee basis; thus, the district court was forced to estimate his hours based on its assessment of the case, Mr. Blum's testimony, and Mr. Imerman's testimony. Mr. Blum has presented no evidence from which this court could conclude that the district court's findings were in error. We therefore affirm the judgment of the district court.
 
 
 
 [1]
 42 U.S.C. Sec. 1988 determines a reasonable attorney fee based on prevailing market rates using the same standards which prevail in other types of equally complex federal litigation. Blum v. Stenson, 465 U.S. 886, 893 (1984). Therefore, cases brought under the act are a relevant guide to cases brought under quantum meruit theory