**In re the Marriage of Gene B. NOON, Appellant,**

**and**

**Eugenie A. Noon, Appellee,**

**and Concerning House of Noon, Inc., and G.B.N., Inc., Appellants.**

No. 84CA0888.

Colorado Court of Appeals, Div. II.

Oct. 23, 1986.

Rehearing Denied Nov. 20, 1986.

Certiorari Denied April 13, 1987.

Downey & Murray, P.C., O. Russell Murray, Englewood, for appellants Gene B. Noon and House of Noon, Inc.

Pryor, Carney & Johnson, P.C., Sheldon H. Smith, Elaine Ashe Wohlner, Englewood, for appellant G.B.N., Inc.

Bowman, Wright & Gower, Arthur S. Bowman, Sr., Larry M. Snyder, Denver, for appellee.

VAN CISE, Judge.

Gene B. Noon (husband), House of Noon, Inc. (HON), and G.B.N., Inc. (GBN) appeal the judgment against them for the attorney fees of Eugenie A. Noon (wife). HON appeals the injunction prohibiting it from proceeding in a separate action it brought against wife. We reverse.

In April 1981, a decree of dissolution of husband and wife's marriage was entered by the trial court. The decree incorporated a settlement agreement which included provisions for the disposition of all of the stock in two family owned corporations, GBN and HON, and which was signed by husband and wife individually and as presidents, respectively, of GBN and HON.

Pursuant to the agreement, wife transferred to husband all of her interest in GBN, and husband became the sole stockholder in that company. HON redeemed some of wife's shares in HON, and GBN purchased the balance of her HON shares, together with the shares of the three children, with the result that HON became a wholly owned subsidiary of GBN. Wife had served as president of HON for more than four years prior to the execution of the separation agreement.

In May 1983, HON and GBN filed separate lawsuits in another judicial district, claiming that wife had defrauded HON while serving as its officer. Instead of directly defending against these actions, wife, claiming they constituted collateral attacks on the dissolution decree, moved the court in the dissolution action to enjoin HON and GBN from proceeding in their respective lawsuits.

The court agreed, holding that it had jurisdiction over the corporations because their presidents had signed the settlement agreement and because the corporations were alter egos of husband. It ordered the corporations to dismiss their lawsuits and also awarded wife attorney fees, holding that husband, GBN, and HON were jointly and severally liable for the fees. GBN voluntarily dismissed its action against wife, with prejudice, and so the injunction against it is not at issue here.

## I.

The primary issue on appeal is whether the trial court had personal jurisdiction over HON and GBN to enable it to issue the injunction against HON and to enter a judgment against HON and GBN for wife's attorney fees. We hold that it did not.

■ Wife contends that the trial court was correct in finding that the signatures of the presidents of HON and GBN on the settlement agreement constituted a general appearance in the dissolution action and thus gave the trial court jurisdiction. We do not agree.

■ Ordinarily, a defendant enters a general appearance in a case by seeking relief which acknowledges jurisdiction or by other conduct manifesting consent to jurisdiction. See *Weaver Construction Co. v. District Court,* 190 Colo. 227, 545 P.2d 1042 (1976); *Stecker v. Snyder,* 118 Colo. 153, 193 P.2d 881 (1948). "Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceeding; (2) an intention to appear." *Deeb v. Berri,* 118 Mich.App. 556, 325 N.W.2d 493 (1982). "An appearance is not to be inferred except as a result of acts from which an intent to do so may properly be inferred." *Rhodes v. Rhodes,* 3 Mich. App. 396, 142 N.W.2d 508 (1966).

Here, GBN and HON showed no intention to submit to jurisdiction; they made no motions, filed no pleadings, and sought no

relief, nor was any sought from them at that stage in the dissolution litigation. We will not stretch participation in a settlement agreement into a general appearance. *Rhodes v. Rhodes, supra. See Simpson v. Simpson,* 151 Colo. 88, 376 P.2d 55 (1962).

Wife contends, in the alternative, that, even if there was no general appearance, nevertheless, the trial court was correct in finding that HON was an alter ego of husband. We disagree. Even if, arguendo, there was evidence to support such a finding, it cannot serve as a basis for personal jurisdiction in the dissolution court over either of the corporations. Since the dissolution court did not have jurisdiction over the corporations, it lacked jurisdiction to make any findings on the alter ego or collateral attack issues that would be binding on either of the corporations. *See In re Marriage of Weiss,* 695 P.2d 778 (Colo. App.1984). That court had personal jurisdiction only over the original parties to the dissolution of marriage action.

## II.

GBN, HON, and husband contend that the trial court erred in ordering them to pay wife's attorney fees pursuant to § 14–10–119, C.R.S. (1986 Cum.Supp.). We agree.

Section 14–10–119, C.R.S. (1986 Cum. Supp.) provides that:

"The court from time to time, after considering the financial resources of both parties, may order. *a party* to pay a reasonable amount for the cost to the other party of maintaining ... any proceeding under this article and for attorney's fees, including sums for legal services rendered and costs incurred ... after entry of judgment." (emphasis supplied)

Because GBN and HON are not parties in the dissolution action, the court erred in ordering them to pay the fees.

Husband is a party and so comes under the statute. That statute affords considerable discretion to the trial court in determining whether one spouse is to be required to pay the other spouse's personal attorney fees and, unless that discretion

has been abused, its award of such fees will not be disturbed on appeal. *In re Marriage of Parker,* 41 Colo.App. 287, 584 P.2d 103 (1978). However, here wife instituted post-decree proceedings that were groundless for lack of jurisdiction over the corporations against which relief was sought. *See* § 13–17–101 et seq., C.R.S. (1986 Cum.Supp.). Under such circumstances, it would be inequitable to require husband to pay wife's fees for legal services which should not have been performed, and the trial court abused its discretion in ordering husband to do so. *See In re Marriage of Peterson,* 40 Colo.App. 115, 572 P.2d 849 (1977).

The injunction against HON and the attorney fee judgment against husband, GBN, and HON are reversed.

SMITH and KELLY, JJ., concur.