# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

DEDRICK DESHAWN GREEN,

   Defendant-Appellant.

UNPUBLISHED
December 27, 2016

No. 329273
Ottawa Circuit Court
LC No. 15-039271-FH

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

  Defendant appeals as of right his bench trial conviction of failure to pay child support, MCL 750.165. The trial court sentenced defendant to 365 days' imprisonment. We affirm.

  This case arises from defendant's failure to pay child support from January 1, 2007, to December 31, 2007. The operative statute during this time frame, MCL 750.165, as amended by 2004 PA 570, provided, in pertinent part:

> (1) If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both.
>
> (2) This section does not apply unless the individual ordered to pay support appeared in, or received notice by personal service of, the action in which the support order was issued . . . .

This Court interpreted the notice requirement in the former MCL 750.165(2) to be an element of the offense of felony nonsupport. *People v Herrick*, 277 Mich App 255, 258; 744 NW2d 370 (2007). Therefore, the elements of failure to pay child support are:

> (1) the defendant was required by a decree of separate maintenance or divorce order to support a child or current or former spouse, (2) *the defendant appeared in or received notice by personal service of the action in which the order was issued,* and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered. [*Id.* at 257 (citation and quotation marks omitted).]

-1-

At trial, both parties stipulated that defendant was ordered to pay child support and that he failed to pay the amount owed at the time owed. As such, the remaining element of the charged crime of failing to pay child support necessary to be determined at trial was whether defendant was personally served or appeared in the action against him. In this case, the trial court authorized and defendant was served by alternate service, whereby the summons and complaint were posted and mailed to the last known address on file. As defendant was served through alternate service, the sole issue on appeal is whether the prosecution demonstrated beyond a reasonable doubt that defendant appeared in the action.

This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing sufficiency of the evidence claims, this Court views the evidence in the light most favorable to the prosecutor and determines whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000). This Court must also "draw all reasonable inferences and make credibility choices in support of the [trier of fact's] verdict." *Id.* at 400.

Although "appearance" is not specifically defined by statute, this Court has defined it as "any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf." *Deeb v Berri*, 118 Mich App 556, 563-564; 325 NW2d 493 (1982). "Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear." *Id.* at 564.

In the present case, there is sufficient evidence in the record for a reasonable trier of fact to conclude that defendant appeared in the action against him. First, after the court issued an order requiring defendant to pay a portion of the birthing expenses for his child, defendant objected and a hearing was held accordingly. Defendant now argues that sufficient evidence does not exist to establish that the objection was made, specifically emphasizing the failure of the prosecution to produce the written objection itself. However, a notice to appear and a hearing summary were produced at trial. The notice to appear indicated that an objection to the confinement expense order was received by the Friend of the Court (FOC). A hearing was held on the objection, as demonstrated by the hearing summary document. Additionally, an FOC caseworker testified that, during the time frame in question, the FOC would set objection hearings when individuals would make an oral complaint via the telephone. It is probable, then, that defendant's original objection was made orally, which would explain the lack of written documentation of the objection in the FOC record. Defendant's objection to the expense order demonstrates that he was aware of the action and that he intended to appear to defend himself against the action. *Id.*

In addition to the objection, defendant also corresponded with the FOC three times concerning the court's subsequent child support order and possible extensions of time to pay. Defendant also made voluntary payments per the child support order in 2004 and 2006. Defendant must have known of the action in order to communicate regarding the details of the action. His acquiescence to the child support order via the making of support payments and correspondence asking to alter the payments also demonstrate an acknowledgement of the court's jurisdiction over the matter. *Id.* at 563-564.

-2-

Defendant argues that child support payments and correspondence with the FOC cannot prove defendant's intent to appear in the matter because they do not involve attorneys or the court itself. However, the focus of the courts' analysis is the timing of the communication and whether the defendant acknowledged the court's jurisdiction or asked the court to act on his behalf. The FOC correspondence took place after the action had been initiated and when defendant was aware of the action. In the correspondence, defendant also acknowledged the court's jurisdiction by asking for alterations to his child support payments. See *Ragnone v Wirsing*, 141 Mich App 263, 265; 367 NW2d 369 (1985).

Finally, defendant's knowledge of the action and his intent to appear is also supported by defendant's voluntary presence at two show-cause hearings and defendant's signing of two separate consent orders. Although the signing of consent orders may have taken place at the FOC office or the Ottawa County Jail and not in front of a judge in the courtroom, the consent orders adjourned proceedings so that defendant could have time to file motions to lower support and improve his financial status. In this way, defendant invoked court action on his behalf. *Deeb*, 118 Mich App at 563-564. Considering the evidence that defendant objected to the confinement expense order, communicated with the FOC at least three times concerning payments, voluntarily paid the child support as directed six times in 2004 and 2006, was present for show-cause hearings, and signed consent orders, sufficient evidence existed to demonstrate that defendant knew of the action against him and intended to appear in it. Taken together with the parties' stipulation to the satisfaction of all other elements, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the trier of fact to return a guilty verdict for failure to pay child support.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey